■ In the Matter of VANDERBILT 77TH ASSOCIATES, Respondent, v CONCILIATION AND APPEALS BOARD, Appellant.—Judgment, Supreme Court, New York County, entered October 2, 1975, which granted the petition to the extent of directing respondent to complete the processing of petitioner's application in accordance with the formula for rent increases under the law before the July 2, 1975 legislative amendment, unanimously modified, on

the law and the facts, without costs and without disbursements, to remand to the Supreme Court with permission to the petitioner to replead, and a hearing is thereafter directed on the cause of the delay in processing. Petitioner is the fee owner of a 16-story and penthouse residential apartment building. In September, 1974, the petitioner submitted to the Conciliation and Appeals Board (CAB), see *8200 Realty Corp. v Lindsay* (27 NY2d 124), an application for a building-wide comparative hardship rent increase. It then filed supporting data, and in January of 1975 filed a 1969 income tax statement for the premises. The delay in filing the latter document occurred because the petitioner had purchased the property in 1970 and had to secure the 1969 tax return from the prior owner and attempt to adjust its figures to the time period involved. The CAB requested further information and questioned the tax return for 1969 as it related to other figures in the forms. On July 1, 1975, the State Legislature enacted section 1 of chapter 392 of the Laws of 1975, which amended section YY51-6.0 (subd c, par 6) of the Administrative Code of the City of New York to change the formula for comparative hardship increases, the effect of which seems to be to diminish the petitioner's chances for obtaining the amount of increase which it desires. However, the petitioner had brought an article 78 proceeding in the nature of mandamus prior to the enactment of the new legislation, which, with adjournments, was not submitted to the court until July 10, 1975. Respondent took the position that the application should be dismissed as moot because of the change in the law, which would now require new and different supporting data. No amended petition was filed, but the matter was submitted to the court on the basis that a directive was sought for processing of the application under the "old" hardship formula. Special Term seemed to construe the new law, section 2 of chapter 392, as not affecting pending applications. However, it is conceded and we find that it would by its terms apply to pending applications. Nonetheless, if, as petitioner contends, the CAB deliberately or negligently delayed processing the application before it as earlier submitted by this petitioner, then the petitioner is entitled to have its application processed under the previous law. (See *Matter of Parkchester Apts. Co. v Lefkowitz,* 51 AD2d 277): *Matter of Our Lady of Good Counsel R. C. Church & School v Ball,* 45 AD2d 66, affd on opn below, 37 NY2d 809; cf. *Matter of Temkin v Karagheuzoff,* 34 NY2d 324; *Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408.) Concur—Markewich, J. P., Kupferman, Lupiano, Birns and Capozzoli, JJ.