Abraham J. Gellinoff, J.
In this CPLR article 78 proceeding, and two companion proceedings (Matter of Taleff Realty v Joy, Index No. 42765-75; Matter of Seven Parks Assoc. v Joy, Index No. 20929-75), petitioners landlords challenge determinations of respondent commissioner which ruled that upon the elimination of electrical service included in maximum rent, the rent decrease schedule to be applied was the revised, newly effective schedule, and not the schedule in effect at the time of petitioners’ applications.
Respondent correctly cites the general rule that the regulation in effect at the time of determination governs, and that a landlord has no vested interest in the continuation of a *48 regulation. That general rule, however, is not applicable where, as here, respondent deliberately delayed action upon the applications in order to apply a new rule (Matter of Vanderbilt 77th Assoc. v Conciliation & Appeals Bd., 51 AD2d 946, mot for lv to app den 39 NY2d 707).
And respondent does not deny that it delayed determination deliberately. Indeed, it is affirmatively stated by respondent that: "The Rent Commissioner held in suspense all its electric exclusion cases — at whatsoever stage — throughout the City rent agency until revision of Administrator’s Interpretation 7 and the Rent Decrease Schedule”. Such deliberate delay in processing is improper, and "petitioner is entitled to have its application processed under the previous law” (Matter of Vanderbilt 77th Assoc. v Conciliation & Appeals Bd., 51 AD2d 946, 947, supra; Matter of Parkchester Apts. Co. v Lefkowitz, 51 AD2d 277).
Accordingly, the petitions are in all respects granted.