In the Matter of 2 FIFTH AVENUE COMPANY, Petitioner, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Respondent.

First Department, April 14, 1977

*Ambrose Doskow* of counsel *(Rosenman Colin Freund Lewis & Cohen,* attorneys), for petitioner.

*William E. Rosen* of counsel *(Ellis S. Franke,* attorney), for respondent.

*Per Curiam.* In this proceeding under CPLR article 78 petitioner landlord seeks mandamus to compel respondent Conciliation and Appeals Board to decide its application for a hardship rent increase in accordance with the statute in force when the application was filed in November, 1974 instead of the less favorable superseding statute enacted effective the following July. Petitioner asserts that respondent's unwarranted delay in processing the application was deliberate and willful, its inaction having been due to its dissatisfaction with the earlier "ratio formula" which, by a "reinterpretation" of the statute, it replaced with a more onerous "dollar to dollar cash flow" formula and brought about enactment of a new statute (Administrative Code of City of New York, § YY51-6.0

[Rent Stabilization Law of 1969]). We are not here concerned with the merits of either formula but only with whether the delay which took place to petitioner's detriment was the result of respondent's deliberate inaction designed to bring about that very result.

There is no factual dispute, the parties having submitted an agreed statement. It is for us to fix blame, if any there be, for the delay, and to do this by distillation from the agreed facts.

When filed November 25, 1974, petitioner's application was 18th on respondent's calendar and, within half a month, December 11, had been reviewed and found fully in compliance with the then requirements. Due notice was served on the tenants, completed a day or two more than a month after filing, December 27. The tenants had 10 days to answer and, by letters dated January 3 and 28, 1975, they requested of respondent, through counsel, a 30-day extension of time so to do. A copy of the first letter was forwarded to petitioner in a week, but notification of the other letter was not sent until February 20, after petitioner had requested determination. At a meeting held a week later, respondent requested additional information. A new letter seeking action was sent on March 11, responded to by telephone notice that time to answer had been further extended to April 10, because of exploration of possible "reinterpretation" of the hardship formula set out in the statute. On April 17, the reinterpretation was adopted, though not promulgated formally until May 20, when more information was requested of petitioner, and which required renewal of the process of service and answer.

That reinterpretation had been under consideration and in work since the preceding mid-September, initiated after expressions of dissatisfaction with the applicable statute as to the ratio it provided between gross rents and operating expenses. By November, respondent was working on the possibility of "a formal ruling which would 'freeze' application of the present formula until a more workable and equitable one can be devised." In February, respondent was considering the possibility of a new statute to replace that which then existed, or else its reinterpretation so that "statutory language which says one thing can be interpreted to mean something else when * * * [its] * * * seemingly clear meaning would completely undermine the administrative system." Shades of Lewis Carroll: "When I use a word, it means just what I choose it to mean—neither more nor less."! On April 17, the

reinterpretation was adopted, with a resolution to request the Legislature to change the statute accordingly. Meanwhile, petitioner marked time, and the new statute became effective July 2.

Quite obviously, these pertinent facts cannot be read in any way except that respondent deliberately delayed enforcement of a law not to its liking until it got one it did like, and it is so found. It is therefore concluded that petitioner is entitled to the relief it seeks. (See *Matter of Vanderbilt 77th Assoc.,* 51 AD2d 946; *Matter of Our Lady R.C. Church v Ball,* 45 AD2d 66, affd on opn by MARTUSCELLO, J., 38 NY2d 780.) There will be judgment for petitioner accordingly, without costs and without disbursements. Settle declaratory judgment of mandamus on notice.

KUPFERMAN, J. P., BIRNS, LANE and MARKEWICH, JJ., concur.

Submission of controversy upon an agreed statement of facts pursuant to CPLR 3222. Judgment unanimously found for petitioner, without costs and without disbursements.

Settle declaratory judgment of mandamus on notice.