■ In the Matter of CENTRAL LIVING, INC., Appellant, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Respondent.—Judgment, Supreme Court, New York County, entered December 19, 1977, dismissing the article 78 petition as time-barred is affirmed, with $60 costs and disbursements of this appeal to respondent. Petitioner corporation, owner of a multiple dwelling, applied to respondent for a hardship adjustment under the Rent Stabilization Code. The law was changed on July 1, 1975, making the hardship formula less beneficial to landlords. Later, on the appeal of another landlord, this court held that the new formula would apply unless the Conciliation and Appeals Board (hereinafter referred to as CAB) had deliberately or negligently delayed the processing of any pending application (Matter of Vanderbilt 77th Assoc. v New York City Conciliation & Appeals Bd., 51 AD2d 946). Pending that appeal, petitioner in this proceeding asked that consideration of its application be delayed until this court's determination of the Vanderbilt matter. The CAB notified petitioner of the results of that appeal on May 24, 1976, and asked that petitioner advise within 15 days if it intended to seek relief under the exception in Vanderbilt, or else complete new forms under the new formula. On June 7, 1976, petitioner's attorney advised the CAB that petitioner could not, at that time, advise as to what course to take, and asked for a two-month extension of the time within which to file. On October 19, 1976, CAB requested that petitioner supplement its data or begin court action. Petitioner again sought a delay and the CAB notified it on December 9, 1976, that unless the data were forthcoming by December 31, 1976, or a court proceeding were instituted, the application for a hardship increase would be deemed withdrawn and the CAB would close its files. Petitioner did not submit the data nor commence legal proceedings. On March 31, 1977 the CAB notified the tenants that, the owners of the building not having responded to its letter, the hardship application was deemed withdrawn. On June 9, 1977, the CAB notified the Rent Stabilization Association that it would process pending applications filed by March 2, 1975, under the old formula. At this point, however, petitioner's application had been deemed withdrawn. Thus petitioner had no standing to demand a recalculation of its application, no longer outstanding on the cut-off date. Had there been an application still pending and had petitioner made its demand of the CAB, an article 78 sounding in mandamus would then lie to compel a determination under the old rule. But, here petitioner seeks review of the determination deeming its hardship application to be withdrawn. That "determination", of which petitioner had advance notice, was effective December 31, 1976. Yet it was not until June 19, 1977, that petitioner instituted an article 78 proceeding. This was more than

four months after December 31, 1976. CPLR 217 is specific that a proceeding against a body must be brought within four months of final determination. The CAB gave final notice in their letter of December 9, 1976, that unless the submissions were received by December 31, 1976, or a court proceeding instituted, the application would be deemed withdrawn and the file closed. The language is clear, the CAB determined to close the file on December 31, 1976; this advance notice was sufficient to satisfy any requirement of notice. There is no rule of law that we know of that would prevent advance notice of a final determination. With the CAB's final action on December 31, 1976, deeming the application for rent increases withdrawn the CAB had discharged its duties to the owner, and it is futile to say that for purposes of the four-month Statute of Limitations the time did not begin to run until March 31, 1977, when a letter confirming the CAB's December 31, 1976, final action was sent to the tenants. After many months of delay, the CAB gave adequate notice that it would no longer countenance delay and gave the petitioner two options, none of which petitioner exercised. Concur— Lupiano, J. P., Birns, Evans and Markewich, JJ.; Silverman, J., dissents in a memorandum as follows: I dissent and would reverse the judgment appealed from and deny the motion to dismiss. The basic issue is whether the proceeding is time barred under CPLR 217 as not brought "within four months after the determination to be reviewed becomes final and binding upon the petitioner." By letter of May 24, 1976, respondent CAB informed petitioner of the decision by this court in *Matter of Vanderbilt 77th Assoc. v New York City Conciliation & Appeals Bd.,* 51 AD2d 946). In that case, this court held that the new hardship formula, less favorable to owners, which had been enacted by Laws of 1975 (ch 392, § 1, eff July 1, 1975), was applicable to pending applications. This court added (p 947): "Nonetheless, if, as petitioner contends, the CAB deliberately or negligently delayed processing the application before it as earlier submitted by this petitioner, then the petitioner is entitled to have its application processed under the previous law." In respondent's letter of May 24, 1976 to petitioner-respondent CAB requested petitioner to inform respondent within 15 days as to whether petitioner intended to seek relief from the courts under the exception specified in the *Vanderbilt* ruling. Otherwise, respondent suggested that petitioner complete the new form to enable CAB to calculate the hardship increase under the new formula. After a number of extensions, respondent on October 19, 1976 sent petitioner a "FINAL NOTICE" stating that in the event the data was not received within 10 days of receipt of said letter "your application may be dismissed." Petitioner thereupon requested a further extension. On December 9, 1976 respondent stated that unless the submissions were received no later than December 31, 1976, or in the alternative a court action commenced by such date, "the Board shall deem your application withdrawn and close its file." Apparently no further action was taken by petitioner. On March 31, 1977 respondent CAB wrote to the tenants of petitioner's building, with a copy to petitioner stating: "The owner having failed to respond to the Board's letter of December 10, 1976, the Board had deemed the comparative hardship application withdrawn and closed its files." This article 78 proceeding was commenced on July 19, 1977, i.e., within four months after March 31, 1977, but more than four months after December 31, 1976. The determination sought to be reviewed in the present case is respondent's determination deeming petitioner's hardship application to be withdrawn and closing respondent's files thereon, i.e., presumably a determination of December 31, 1976. The four-month statute commenced to run when the determination to be reviewed "becomes final

and binding upon the petitioner." I think it is established law that an administrative determination does not become "final and binding" until notice thereof has been given to the parties. *(Matter of Hutchins v McGoldrick,* 307 NY 78, 87; *Matter of R. E. Assoc. v McGoldrick,* 278 App Div 347.)* Otherwise, as the Court of Appeals pointed out in the *Hutchins* case, an administrator might make a determination and fail within the statutory time to give notice thereof thus precluding review. So far as appears from this record, petitioner was not notified until the letter of March 31, 1977 that CAB had actually made a final determination. I do not think that the letter of December 9, 1976 can be deemed such notice. It was notice of a determination that would be made in the future and not of the fact that a determination had already been made. It is not unknown for administrative agencies and courts to state that unless something happened by a given date certain consequences would follow, and, for one reason or another, not to impose those consequences. In the present case there had been a number of extensions after letters requiring submissions within 15 days. Again, after the determination of this court in *Matter of 2 Fifth Ave. Co. v New York City Conciliation & Appeals Bd.* (57 AD2d 106), in April, 1977, respondent CAB retroactively determined that all pending hardship applications filed before March 2, 1975 would be determined under the old formula. When we deal with a short Statute of Limitations, which by definition does not go to the merits, I think that it is fair that the statute should begin to run only from a notice sent after the final determination is made and that for this purpose the requirement of notice should not be deemed satisfied by a prospective notice that a final determination will be made in the future, especially in circumstances where the administrative agency might possibly decide not to carry out its stated intention.