(December 6, 1979)

■ In the Matter of PARK WEST VILLAGE TENANTS' ASSOCIATION et al., Respondents, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant, and PARK WEST VILLAGE ASSOCIATES, Intervenor-Respondent-Appellant. —Judgment, Supreme Court, New York County, entered on July 10, 1979, affirmed, without costs and without disbursements. Murphy, P. J., and Kupferman, J., concur in the result only; Birns, Fein and Silverman, JJ., concur in separate opinions.

Birns, J. (concurring). I join in Justice Silverman's opinion. Additionally, I question whether the Conciliation and Appeals Board has the authority to specify any time other than that fixed by statute as the dividing point for differentiating between applications to be processed. Any rollback by the Conciliation and Appeals Board is a usurpation of the function exclusively reserved to the Legislature to determine whether, or to what extent a statute shall be retroactive (see *Matter of Harper Mgt. Co. v Conciliation & Appeals Bd.,* 70 AD2d 848).

Fein, J. (concurring). I concur for affirmance only on the ground that the landlord waived whatever rights it may have had under the old law by filing

an amended application seeking an increase under the new law and formula. I recognize the considerations of administrative convenience which impelled the Conciliation and Appeals Board to fix a four-month cutoff date. However I do not believe that the Conciliation and Appeals Board has the authority to designate any particular time period as the determinative factor in resolving the issue as to whether it willfully and deliberately delayed processing a hardship application under the old law. In my view this is an issue to be determined by the courts on a case-by-case basis with appropriate consideration to the time period involved. Resolution of the issue of its own alleged willful and deliberate delay is beyond the Conciliation and Appeals Board's competence. (Matter of Harper Mgt. Co. v Conciliation & Appeals Bd., 70 AD2d 848.)

Silverman, J. (concurring). Before July 2, 1975, landlords owning rent stabilized apartments in New York were entitled to comparative hardship rent increases based on a ratio between operating expenses and gross rents (Local Laws, 1969, No. 16 of City of New York; Administrative Code of City of New York, § YY51-6.0). This "ratio formula" was apparently deemed to be unfair to tenants and the statute was amended by chapter 392 of the Laws of 1975 to substitute a more restricted "dollar differential formula" for the previous ratio formula. Apparently the dollar differential formula is more favorable to tenants and less favorable to landlords than the ratio formula was. By its terms, the new statute was effective immediately. (L 1975, ch 392, § 2.) There is no dispute, and this court has held, that the statute "would by its terms apply to pending applications." (Matter of Vanderbilt 77th Assoc. v Conciliation & Appeals Bd., 51 AD2d 946, 947.) The application of the landlord in the present case was pending at the time of the enactment of the statute. The statute itself contains an exception as to its immediate effectiveness where the increase would be effective one month after the date on which the owner originally completed his filing prior to the adoption of the act. It is apparently not contended that this exception applies to the present case. However, there is another judicially engrafted exception, where "the CAB deliberately or negligently delayed processing the application before it as earlier submitted by * * * petitioner." (Matter of Vanderbilt 77th Assoc. v Conciliation & Appeals Bd., supra, p 947; accord Matter of 2 Fifth Ave. Co. v New York City Conciliation & Appeals Bd., 57 AD2d 106.) It is this exception with which we are here concerned. By its nature this exception to the express command of the statute must be a very narrow one, and in principle one whose existence can only be determined by a court and not by the agency charged with deliberate or negligent delay. (Matter of Harper Mgt. Co. v Conciliation & Appeals Bd., 70 AD2d 848.) In principle, the determination of the applicability of this exception would seem not to lend itself to a rule that all applications filed before a given date some time prior to the enactment of the statute shall be granted and all those filed thereafter denied. The only general rule is the rule of the statute that the new rule shall apply to all pending applications (except as the statute otherwise provides). The judicially engrafted exception must rest on the particular facts of each case. The real parties in dispute are after all the landlord and the tenants and generally a benefit to one in the fixing of rents is a detriment to the other. To fix a time other than the statutory time as the critical dividing point between applications to be processed under the old ratio formula and those processed under the new dollar differential formula must necessarily impair the interests of either landlord or tenant depending upon the particular facts of the case. If this is correct, as there was no evidence presented to the court in the present case of deliberate or

negligent delay on the part of the Conciliation and Appeals Board (CAB), the Supreme Court was correct in directing that the application be processed under the new statute. Furthermore, after the *Vanderbilt 77th Assoc.* decision, CAB offered landlords, including petitioners, the choice of either initiating judicial proceedings to challenge the retroactive application of the new formula to them or of consenting to have their applications processed under the new law. In my view this was correct; judicial proceedings were the only proper way to challenge the retroactive application of the new formula on the ground of deliberate or negligent delay. Petitioners chose not to do so and instead filed an amended application requesting processing under the new formula and law. By so doing, petitioners waived their objection to the retroactive application of the statute, notwithstanding a later change of position by petitioners after the *2 Fifth Ave.* case. If despite the foregoing we were to disregard the waiver and also accept that considerations of administrative convenience justify the fixing of a cutoff date other than that of the statute, I do not think that the four-month date which CAB has fixed is appropriate. CAB has apparently determined that the minimum time that it would take them to process a hardship application is four months. Four months before the effective date of the statute is March 2, 1975. Accordingly, CAB has adopted a rule that all applications filed before March 2, 1975 shall be processed under the old ratio formula and all those filed after March 2, 1975 shall be processed under the new dollar differential formula. But CAB has represented to us that four months is "the very minimum period of time in which a hardship application could be processed within the constraints of due process, excluding *all* delays occasioned by adjournment requests, complications and/or human factors." I cannot accept as reasonable a rule that if an application is not processed within the absolute minimum period that it is possible to do so, the case is one of deliberate or negligent delay taking it out of the statutory requirement that the new statute be applicable to pending applications. Surely if a period is to be fixed for determining deliberate or negligent delay, it would not be the absolute minimum possible period but rather what the CAB determines to be a reasonable period for determining applications. The application in the present case was completed on February 13, 1975, four and one-half months before the effective date of the statute. There has been no showing that more than a reasonable period for processing the application had expired before the effective date of the statute.