Ruth HALPRIN, Thea Speyer, Patricia Foxx, Sarah Lanier Barber and Gloria Donadello, Jed C. Goldart, Carol Tavris, Philip Foxx and Vicki Foxx, Anne Karlan, Patricia L. Friedlander, Charles S. Ramat, Leslie Gordon Fagan, Tyler L. Bishop and Gertrude Landau, Plaintiffs,

v.

NEW YORK CITY CONCILIATION AND APPEALS BOARD, and 2 Fifth Avenue Company (a partnership), Defendants.

No. 80 Civ. 104 (RJW).

United States District Court, S. D. New York.

Feb. 26, 1981.

Lionel Alan Marks, New York City, for plaintiffs.

Ellis S. Franke, New York City, for defendant N.Y. CAB.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for defendant 2 Fifth Ave.; Ambrose Doskow, Charles A. Crum, & Mark C. Extein, New York City, of counsel.

ROBERT J. WARD, District Judge.

This is an action brought pursuant to 42 U.S.C. §§ 1983 & 1985. Plaintiffs allege that defendants violated, and conspired to violate, plaintiffs' civil rights by denying them due process in connection with certain state administrative and judicial proceedings concerning the regulation of residential rents in plaintiffs' apartment building. Plaintiffs move for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Defendants cross-move for the same relief. For the reasons that follow, defendants' motions for summary judgment are granted, and plaintiffs' motion is denied.

The fifteen plaintiffs are tenants in a 347-unit apartment building owned by defendant 2 Fifth Avenue Company ("the landlord"). The building, located at 2 Fifth Avenue, New York, New York, is subject to rent regulation under the New York City Rent Stabilization Law, N.Y.City Ad.Code §§ YY51–1.0 to YY51–8.0, N.Y.Unconsol. Laws following § 8610 (McKinney).

In November 1974, the landlord filed an application with defendant New York City Conciliation and Appeals Board ("the

CAB") for a hardship rent increase under the Rent Stabilization Law. The CAB notified the landlord in mid-December 1974 that the application had been docketed and subsequently served notice on the tenants that a hardship application for their building had been filed. Intending to oppose the landlord's application, the tenants retained counsel, who then entered an appearance before the CAB on the tenants' behalf. In early April 1975, after a series of extensions of time, the tenants submitted an answer in opposition to the application and requested a hearing at which they could produce opposing evidence.

Meanwhile, during the pendency of the landlord's application, the CAB was in the process of reconsidering its method of determining hardship rent-increase applications. On April 17, 1975, the CAB adopted by resolution a new interpretation of the hardship provisions of the Stabilization Law. This new interpretation—which substituted a "dollar differential" formula (based on the difference between gross rents and operating expenses) for the prior "ratio" formula (based on the ratio of gross rents to operating expenses)—was expected to result in lower rent increases for those landlords filing hardship applications. On May 20, 1975, the CAB notified all hardship applicants of this change and requested additional data.

The CAB's April 17 resolution also requested the New York Legislature to change the Stabilization Law to incorporate the new hardship formula. On July 1, 1975, the Legislature amended N.Y.City Ad.Code § YY51–6.0(c)(6) and adopted a revised formula similar to that proposed by the CAB. The new provision became effective on July 2, 1975.

Shortly after the effective date of the amended hardship provision, the owner of another large New York City apartment building brought an action in state court challenging the CAB's decision to apply the new formula to hardship applications filed before the July 2 effective date. On March 23, 1976, the Appellate Division of the New York Supreme Court held that the amended statute was to be applied to applications pending at the time of the amendment but ruled that "if ... the CAB deliberately or negligently delayed processing the application before it ..., then the [hardship applicant] is entitled to have its application processed under the previous law." *Vanderbilt 77th Associates v. Conciliation and Appeals Board*, 51 A.D.2d 946, 381 N.Y.S.2d 234, 236 (1st Dep't 1976) (mem.).

At the landlord's request, the CAB had delayed acting on defendant 2 Fifth Avenue Company's application pending a decision in *Vanderbilt*. After *Vanderbilt* was decided, the CAB notified the landlord, by letter dated May 24, 1976, that "the new formula applies to cases which were pending in house when the law was changed absent negligent or deliberate delay by the [CAB] in the processing of the application." In the letter, the CAB requested that the landlord advise the Board within fifteen days whether the landlord would seek relief under the *Vanderbilt* exception. Marks aff., ex. C (July 25, 1980). The landlord determined to seek such relief and instituted a mandamus proceeding against the CAB pursuant to N.Y.CPLR art. 78. The 2 Fifth Avenue tenants were not made parties to this action and apparently did not receive notice of the pendency of this proceeding.

The landlord and the CAB submitted their controversy to the state court on an agreed statement of facts, negotiated between them, pursuant to N.Y.CPLR 3222(a). The tenants were not invited to participate in this negotiation. In a per curiam opinion issued April 14, 1977, the Appellate Division ruled that the CAB "deliberately delayed enforcement of a law not to its liking until it got one it did like" and, in a judgment filed June 6, 1977, directed the Board to determine the landlord's hardship application under the statutory provision in effect when the application was filed. *2 Fifth Avenue Co. v. New York City Conciliation and Appeals Board*, 57 A.D.2d 106, 393 N.Y.S.2d 409, 410 (1st Dep't 1977).

On June 8, 1977, the CAB notified the landlord and the 2 Fifth Avenue tenants

that a hearing had been scheduled for July 12 on the hardship application. Apparently, however, the July 12 hearing was not conducted as scheduled. Rather, by motions dated September 28, 1977, two tenants moved in the Appellate Division on behalf of themselves and all other tenants of 2 Fifth Avenue to intervene in the landlord's article 78 proceeding to vacate the decision of *2 Fifth Avenue Co. v. New York City Conciliation and Appeals Board, supra.* In support of their motions, the tenants alleged:

a) That procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 1, Section 6 of the Constitution of this State of New York was denied the tenants in the prior proceedings herein by failing to give tenants notice, hearing and the right to defend the proceedings heretofore taken in this Court which directly affects their property rights under their respective leases with the Petitioner.

b) That procedural due process under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6, and Article 6 of the Constitution of the State of New York was denied the tenants, in failing to provide for a trial of the property rights of the tenants which are directly affected by the decision of this Court.

c) That the decision of this Court in the above entitled proceeding was not based upon due process of law but entered upon a prejudicial statement of facts of which the tenants were not parties, but the purpose of which directly affects the rents of tenants under their lease.

d) That the decision of this Court is incorrect, unjust and unreasonable in that it is based upon errors of law and fact and is an unjust determination affecting substantial property rights of each tenant who were [sic] not made parties to the proceedings and unable to defend their [sic] rights before the Court.

Marks motion, annexed as ex. 7 to Doskow aff. (June 20, 1980). The motions were denied without opinion on November 3, 1977.

The CAB then commenced a hearing on the landlord's hardship application on November 9, 1977. The tenants participated in that proceeding. On December 14, 1977, the landlord and a majority of the tenants agreed to a settlement of their dispute, subject to CAB approval, pursuant to which rents would be raised 11 percent. Although this increase was nominally made effective January 1, 1975, the landlord waived collection of any retroactive increases. Thus, the increased rents were actually imposed effective January 1, 1978. The tenants of 196 of the 347 apartments in the building agreed to the terms of the settlement. The settlement expressly preserved the rights of all those tenants, including the plaintiffs in this action, who did not agree.

In a decision dated December 15, 1977, the CAB found that the landlord was entitled to a hardship increase of 14.01 percent, effective January 26, 1975. Approving the landlord-tenant settlement, however, the Board reduced the increase to 11 percent, effective January 25, 1975, but subject to the landlord's waiver of collectibility of increases prior to January 1, 1978. Thus, the CAB's order incorporated the parties' settlement.

In mid-April 1978 plaintiffs commenced a proceeding against defendants in state court pursuant to N.Y.CPLR art. 78. Plaintiffs' article 78 petition sought to overturn the CAB's decision approving the 11-percent settlement. In this petition plaintiffs made, *inter alia,* the same due process arguments they had raised in support of their motion to intervene in the landlord's earlier article 78 proceeding against the CAB. On November 21, 1978, the Appellate Division, First Department, entered a summary order unanimously confirming the CAB determination.

Plaintiffs appealed the Appellate Division's decision to the New York Court of Appeals. On January 16, 1979, the Court of Appeals dismissed the appeal *sua sponte* after determining that the lower court's decision was not appealable as of right pur-

suant to N.Y.CPLR 5601(b)(1). Arguing that the appeal sought involved two substantial constitutional issues, and therefore that an appeal as of right was available, plaintiffs then moved to vacate the Court of Appeals *sua sponte* dismissal. The motion was denied on March 20, 1979. This action followed in January 1980.

In support of their motions for summary judgment defendants argue that plaintiffs' action is barred by the doctrine of *res judicata*. Defendants maintain that plaintiffs' constitutional claims were fully litigated, and passed upon, in the two state court article 78 proceedings described above. As the Court understands it, plaintiffs' argument is that *res judicata* cannot be a bar here because neither in the Appellate Division's order denying plaintiffs' motion to intervene in *2 Fifth Avenue Co. v. New York City Conciliation and Appeals Board* nor in its or the Court of Appeals' order in plaintiffs' article 78 proceeding against the landlord was there any explanation given for the courts' action. Thus, although at oral argument plaintiffs were unable to articulate any alternative grounds on which the state courts could have ruled without reaching plaintiffs' constitutional claims, plaintiffs maintain that the state courts' determination not to issue a written decision precludes the operation of *res judicata* as a bar in their subsequent action here. In the Court's view, defendants have the better of this argument.

■ The doctrine of *res judicata*, even as narrowly defined in the context of section 1983 civil rights actions, normally operates to preclude a federal court from adjudicating a claim that has been the subject of a prior adjudication in state court. *Winters v. Lavine*, 574 F.2d 46, 56 (2d Cir. 1978). The only limitation on the application of this rule is where the claim was not actually litigated and determined in the state court suit. *See Graves v. Ogliati*, 550 F.2d 1327, 1328–29 (2d Cir. 1977). Plaintiffs' claims in this action are precisely the same as those claims raised in the state court article 78 proceedings. Accordingly, the Court is barred by the doctrine of *res judicata* from

finding in plaintiffs' favor on the merits of their claims unless these claims were not actually litigated and determined in the state actions.

■ The Court has reviewed the briefs and memoranda of law; affidavits, and exhibits filed in the two state court article 78 proceedings. In support of their motion to intervene in *2 Fifth Avenue Co. v. New York City Conciliation and Appeals Board*, plaintiffs raised the due process claims made here. In opposition to the motion, defendants argued the merits of plaintiffs' constitutional claims. As far as the Court can ascertain, defendants did not present an alternative ground on which the Appellate Division could rely in denying the motion and, as noted earlier, plaintiffs have not suggested to this Court that such a ground existed.

There is, of course, the *possibility* that the Appellate Division determined to deny plaintiffs' motion to intervene purely for procedural reasons. The motion was filed after judgment, and the court could have found the motion untimely. Both the New York rule governing intervention as of right, N.Y.CPLR § 1012, and the rule providing for permissive intervention, N.Y. CPLR § 1013, require a "timely motion." It is, however, difficult for the Court to conceive that the Appellate Division denied the motion as umtimely, inasmuch as (a) such an argument was not advanced by defendants and, more importantly, (b) it would have been untenable for the state court to deny the motion as untimely made when the essence of plaintiffs' case was that they were unaware of the initial article 78 proceeding because of the alleged due process violations.

In any event, the Court need not concern itself with this possibility. For in the second attempt plaintiffs made to stop a rent-increase decision under the old hardship formula—the article 78 proceeding plaintiffs initiated in April 1978—it was necessary for the Appellate Division to pass on the merits of the constitutional claims raised here (unless, of course, it determined that its earlier ruling denying intervention

was a decision on the merits). Accordingly, the Court finds that plaintiffs' claims in this action were "actually litigated and determined," *Winters v. Lavine, supra,* 574 F.2d at 57, in a prior state proceeding.

■ Plaintiffs' contention that neither of the state court determinations can be given preclusive effect here because the state court decisions were without opinion is without merit. The Second Circuit in *Winters v. Lavine, supra, id.* at 60–61, explicitly dealt with such a contention. The *Winters* court held that omitting to mention a constitutional question in an opinion did not eliminate the question from the case or make the decision less an adjudication of it. *Id.* at 61 (quoting *Grubb v. Public Utilities Commission,* 281 U.S. 470, 477–78, 50 S.Ct. 374, 377–78, 74 L.Ed. 972 (1930)).

Moreover, the court of appeals in *Winters* also ruled that a dismissal of an appeal by the New York Court of Appeals on the ground that no substantial constitutional question was involved (as occurred in plaintiffs' case) does not mean that the lower state court determination did not rest on constitutional grounds. *Id.* at 61. Although such a dismissal could be based on a determination by New York's highest court that an alternative, nonconstitutional ground supported the lower court determination, it could also be that the court found the constitutional questions raised below were themselves insubstantial on the merits. *See id.* at 61–62 & n.15. In the Court's view, the only nonconstitutional ground on which the Appellate Division's determination could have rested is that plaintiffs had already received an adjudication on the merits when that same court denied their motion to intervene in the earlier article 78 proceeding. Nevertheless, all of the immediately foregoing notwithstanding,

> even if there were no opportunity whatsoever ... to appeal the Appellate Division's ruling, that decision would still retain its preclusive effect, for the extent of preclusion produced by a prior judicial determination of material and essential issues is not affected by the fact that the losing party could not appeal that determination to a higher court.

*Id.* at 62.

Plaintiffs have had a full and fair opportunity to present their claims in state court, and those claims were actually litigated and determined in previous state court proceedings. This action is therefore precluded by the doctrine of *res judicata.* Accordingly, plaintiffs' motion is denied, defendants' cross-motions are granted, and the complaint is dismissed.

It is so ordered.