■ In the Matter of St. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, as Successor to NEW YORK CITY CONCILIATION AND APPEALS BOARD, Respondent-Appellant, and LILITH AGREDANO et al., Intervenors-Respondents-Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Kirschenbaum, J.), entered October 5, 1984, granting reargument and, upon reargument, annulling the determination of the Conciliation and Appeals Board and remanding the matter to that body for further proceedings not inconsistent with the decision of the court dated August 14, 1984, reversed, on the law without costs, the determination of the Conciliation and Appeals Board reinstated and the petition dismissed.

Appeal from the order and judgment (one paper) of the Supreme Court, New York County (Kirschenbaum, J.), entered February 10, 1984, withdrawn as moot, pursuant to stipulation of the parties.

Petitioner is a not-for-profit institution organized for hospital, educational and charitable purposes. It operates a hospital and medical center in lower Manhattan. Petitioner is the owner of an apartment house located on West 15th Street. In 1979, 1980 and 1981 it applied to the Conciliation and Appeals Board (CAB) for leave not to renew leases to 20 apartments in the building, thereby removing them from the housing market. These applications were based upon Code of Rent Stabilization Association of New York City, Inc. (Code) § 54 (d) (4) which, *at the time,* provided that a landlord is not required to offer a renewal lease where it demonstrates to the satisfaction of CAB that it seeks, in good faith, to withdraw the apartments from the rental market if the landlord is a hospital or a nonprofit charitable or educational institution which requires the units for its own purpose, provided that it establishes (i) plans which require removal of the tenants; (ii) the financial ability to proceed with such plans and (iii) that it is ready to pay the requisite relocation stipend. Petitioner alleged that the building had been acquired for use as a residence for its medical and other personnel and that it was ready to comply with the other provisions of § 54 (d) (4).

On June 23, 1980, a public hearing was held on petitioner's applications and on March 17, 1983 the CAB rendered its determination. Between those two dates the Legislature enacted

Laws of 1982 (ch 555). Section 6 of that chapter repealed Administrative Code of the City of New York § YY51-6.0 (9) (c), sharply limiting the right of a hospital and other specified institutions from evicting tenants from residential buildings purchased for their own use. CAB held that it was required to apply the law as it existed at the time of its determination, provided there had been no deliberate or negligent delay in processing. Petitioner then brought this CPLR article 78 proceeding. Initially Special Term denied the application. However, upon reargument, Special Term reversed itself, holding that the law in effect at the time of the application was the law to be applied, and remanded the matter back to CAB for a determination of the merits of petitioner's applications. We disagree. Accordingly, we reverse, deny the application and dismiss the petition.

Where a statute has been amended during the pendency of a proceeding, the application of that amended statute to the pending proceeding is appropriate and poses no constitutional problem (*Bucho Holding Co. v Temporary State Hous. Rent. Commn.*, 11 NY2d 469; *I.L.F.Y. Co. v City Rent & Rehabilitation Admin.*, 11 NY2d 480; *Matter of Taleff Realty Corp. v Jay*, 54 AD2d 423), unless it can be demonstrated that "the CAB deliberately or negligently delayed processing the application[s] before it", in which event petitioner would be entitled to have the applications processed under the earlier law (*Matter of Vanderbilt 77th Assoc. v Conciliation & Appeals Bd.*, 51 AD2d 946, 947; *see also, Matter of Central Living v New York City Conciliation & Appeals Bd.*, 63 AD2d 606).

Here there is no claim that CAB deliberately or negligently delayed processing the applications presented to it. Accordingly, CAB was justified in determining the matter in accordance with the law as it existed at the time of its disposition and we find no error in its decision. Concur — Ross, J. P., Bloom, Fein and Kassal, JJ.