■ In the Matter of JOSEPH W. BELLACOSA, as Chief Administrative Judge of the Unified Court System of the State of New York, Petitioner, v DOUGLAS H. WHITE, as Commissioner of the New York State Division of Human Rights, et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Louis Grossman, J.), entered April 9, 1987, the petition of the Chief Administrative Judge of the Courts of the Unified Court System of the State of New York is granted, and the order of the Commissioner of the State Division of Human Rights, Douglas H. White, dated December 15, 1986, which held that

the Office of Court Administration had discriminated against the individual respondent Mescall, in violation of section 296 (former [16]) of the Executive Law, is unanimously annulled, without costs.

When, in 1982, the individual respondent passed the examination for selection of court officers, his background was investigated. Among other things, it was discovered that he had been arrested for criminal impersonation of a public servant while in possession of a court officer's badge. He had previously been a provisional court officer and had resigned his position.

Based on the foregoing, the evaluation panel recommended the rejection of Mr. Mescall's application, which recommendation was adopted by the Deputy Chief Administrative Judge.

Upon an appeal and further review, the panel confirmed its previous recommendation and the Deputy Chief Administrative Judge rejected the application.

The individual respondent then filed a complaint with the New York State Division of Human Rights, alleging that as a white male, he had been discriminated against, which racial discrimination complaint he withdrew at the public hearing.

The focus of this proceeding is complainant's contention of discrimination for refusal to hire him because of his arrest record, in violation of Executive Law § 296 (16), which then provided as follows: "It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, however, that the provisions hereof shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons."

The Administrative Law Judge determined that, inasmuch as a court officer is a peace officer, pursuant to CPL 1.20 (33) and 2.10 (21), there could be inquiry as to the underlying facts in the arrest even though it was determined in his favor.

The Commissioner overruled the Administrative Law Judge, stating that the Office of Court Administration "was not entitled to consider the facts surrounding the arrest", and ordered reconsideration of the complainant's application without the arrest record.

While Executive Law § 296 (16) was amended during the pendency of the proceeding (L 1985, ch 208, § 2) to exclude from the section's proscription a situation such as this, i.e., an application for employment as a police officer or peace officer, and the new language could be applied (see, *Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal,* 109 AD2d 711, 712), we believe that the original language of the section would also cover the matter and, accordingly, grant the petition and annul the determination of the Commissioner of the State Division of Human Rights. Concur—Kupferman, J. P., Ross, Kassal and Rosenberger, JJ.