■ In the Matter of the Claim of MARIA RITZ, Respondent, v. FARBER BROTHERS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal from a decision of the Workmen's Compensation Board which discharged the Special Disability Fund under subdivision 8 of section 15. Decedent, employed as a chrome plater by Farber Brothers for approximately 30 years prior to his death, had experienced between 1946 and his death in 1962 an extended history of respiratory trouble, including chronic bronchitis, pulmonary emphysema and finally carcinoma of the left lung. There was the usual diversity of medical

opinion as to whether any and all of decedent's respiratory difficulties were related to his occupation and particularly his inhalation of chromic acid fumes, but the board's finding that his death resulted from his occupation is not here questioned. There was no appeal from this finding and decision. The issue raised herein is the board's discharge of the Special Fund on the basis that there existed but one condition with all symptoms and effects merely being aspects of the same developing process and that, therefore, pre-existing physical impairment within the meaning of section 15 (subd. 8) had not been established. Clearly under section 15 (subd. 8) a subsequent condition must be separable from the prior pre-existing permanent condition and not merely be the culmination or the progressive process of the same disease or condition of which the pre-existing condition was a symptom or part (*Matter of McIntosh* v. *Healy Constr. Co.*, 17 A D 2d 544, mot. for lv. to app. den. 12 N Y 2d 648). If such were not the legislative intent there would have been no reason for the Legislature to pass section 15 (subd. 8, par. [ee]) exempting "dust diseases" from the requirement of a pre-existing condition. The determination in a given case as to whether such separability exists is factual and thus within the exclusive province of the board if its decision is supported by substantial evidence. Here there is credible medical evidence which the board could accept of a general pulmonary pathology affecting both lungs and of which all conditions although different were, nevertheless, a distinct part and, accordingly, its determination must be affirmed. Decision affirmed, with costs to the Special Disability Fund. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.