■ In the Matter of the Claim of MORTON KASS, Respondent, v CLUB MART OF AMERICA, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed February 1, 1989, which directed that an award of workers' compensation benefits be paid by the Special Disability Fund.

Claimant was employed as a manager by Club Mart of America, Inc. (hereinafter the employer) in New York City when he injured his back and right knee on January 15, 1985 while he was sorting and moving cartons of merchandise. Claimant was ultimately hospitalized for his accidental injury and at that time gave a prior history of hypertension and diabetes. In July 1986, accident, notice and causal relationship were established for claimant's back injury and he was awarded continuing workers' compensation benefits. In October 1986, the employer's workers' compensation insurance carrier submitted a claim for reimbursement from the Special

Disability Fund (hereinafter the Fund) pursuant to Workers' Compensation Law § 15 (8) (d) alleging prior physical impairments of hypertension, diabetes and back disorder.* Claimant was ultimately declared to be permanently partially disabled.

On July 27, 1987, before the Workers' Compensation Board acted on the carrier's reimbursement claim, the Legislature amended Workers' Compensation Law § 15 (8) (d), which provides the preconditions for reimbursement liability in disability cases, and Workers' Compensation Law § 15 (8) (e), which provides the preconditions for such liability in death cases. As amended, both sections now require reimbursement by the Fund once the statutory conditions are satisfied "regardless of knowledge on the part of the employer as to the existence of such pre-existing permanent physical impairment" (L 1987, ch 422, § 1). This amendment took effect "immediately" on July 27, 1987 (L 1987, ch 422, § 2).

In August 1988 a hearing was held on the carrier's Workers' Compensation Law § 15 (8) (d) claim, wherein it was found that the Fund was liable and reimbursement was directed in accordance with Workers' Compensation Law § 15 (8) (d). At the hearing, no evidence was received concerning the issue of whether the employer had hired claimant with knowledge of his preexisting conditions as was required by former case law *(see, e.g., Matter of Bellucci v Tip Top Farms*, 24 NY2d 416). The Fund thereafter appealed from Board Panel review of this decision, contending that the 1987 amendments to Workers' Compensation Law § 15 (8) still required employers to prove knowledge in all cases filed before July 27, 1987, the amendment's effective date. The Fund argued that the absence of a finding of employer knowledge in the instant case required dismissal of the carrier's reimbursement claim. Before review of this claim could be had, however, the full Board adopted a resolution on September 30, 1988 declaring that the subject 1987 amendments should "apply to all [section 15 (8)] cases which were open on July 27, 1987 in which the * * * knowledge issue had not been finally determined". Accordingly, a Board Panel determined thereafter in accordance with the resolution that since the carrier's reimbursement claim in the instant matter was still pending on July 27, 1987 and no final

---

* Workers' Compensation Law § 15 (8) (d) entitles an employer to reimbursement from the Fund for all compensation benefits paid after 104 weeks where the injured worker suffers a materially and substantially greater disability due to the combined effects of a work-related "second" injury and a preexisting permanent physical impairment than the disability that worker would have suffered due to the work-related injury alone.

determination of the knowledge issue was made as of that date, the claim fell within the provisions of Workers' Compensation Law § 15 (8) (d). The Board affirmed the finding of the Fund's liability and this appeal by the Fund ensued.

We affirm. The law is well settled that "[w]here a statute has been amended during the pendency of a proceeding, the application of that amended statute to the pending proceeding is appropriate and poses no constitutional problem" (*Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal,* 109 AD2d 711, 712, *affd on mem below* 66 NY2d 959). Since there is no dispute in the case at bar that the issue of knowledge on the employer's part was still pending, it was entirely appropriate for the Board to apply Workers' Compensation Law § 15 (8) (d) as amended.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.