■ In the Matter of WALTER S. WOJCIK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam.

Petitioner, the Committee on Professional Standards, by petition of charges and specifications dated August 14, 1991, has accused respondent of failing to preserve client funds, resuming the practice of law in violation of an order of this court, and submitting improperly notarized documents to the Rensselaer County Surrogate's Court.

On November 7, 1991, we granted petitioner's motion for an order declaring that no factual issues were raised by the petition and respondent's answer (22 NYCRR 806.5). We heard respondent in mitigation on December 19, 1991.

In our prior decision concerning respondent (Matter of Wojcik, 165 AD2d 895), dated September 7, 1990, we censured him for neglect of client matters and failure to cooperate with petitioner. The decision noted various mitigating circumstances, including serious health, financial, emotional, and family problems, including alcoholism. At the time of the censure, respondent had voluntarily discontinued his legal practice. Our decision conditioned his resumption of the practice of law upon his submission to this court for consideration "a plan which provides for the supervision and monitoring of his practice for a specified period and which demonstrates his ongoing participation in Alcoholics Anonymous or other appropriate long-term support group" (supra, at 896). The plan was to be formulated in consultation with the New York State Bar Association (NYSBA) Lawyers Assistance Program, the NYSBA Committee on Lawyer Alcoholism and Drug Abuse, and petitioner.

Respondent submitted a supervision and monitoring plan in April 1991. Petitioner objected to the plan because while it did provide for monitoring respondent's recovery from alcohol dependency, it did not provide for supervision and monitoring of his legal practice. Petitioner advised that neither it nor the NYSBA was equipped to supervise and monitor an attorney's law practice.

In April and May 1991, petitioner advised this court of additional complaints of alleged professional misconduct against respondent. In late May, petitioner and respondent were notified by the court that further consideration of respondent's proposed supervision and monitoring plan would be deferred pending petitioner's investigation of these complaints. That investigation resulted in the instant petition of charges and specifications.

Charge I, in two specifications, accuses respondent of violating Code of Professional Responsibility (as in effect prior to Sept. 1, 1990) DR 1-102 (A) (4), (5) and (6) and DR 9-102. Specification 1 states that respondent, as attorney for the Bloomer estate, received an $8,000 settlement check in October 1987 and deposited it into his escrow account. The settlement check represented the recovery in an action brought against two health care companies by respondent on behalf of the estate. The specification further states that although $3,731 of the recovery was to be paid to satisfy a claim asserted by Adept Health Care, respondent failed to do so. Specification 2 states that respondent withdrew all or a portion of the funds due Adept and used them for his own purposes. It is undisputed that respondent failed to pay Adept and that he was obligated to do so. Indeed respondent, who states, he has no recollection of the disposition of the Adept funds, has been gradually repaying the debt by voluntarily having his current wages from non-legal employment garnished. With respect to specification 2, respondent's answer denies any "present recollection as to withdrawal of all or a portion of the said funds or utilizing them for his own purpose". It would appear from these allegations, which are not disputed by petitioner, that respondent's failure to pay Adept was more attributable to his depression and alcoholic paralysis during the relevant time period than to any intent to convert funds. Also, it appears respondent did make proper distribution of the remaining settlement moneys to estate beneficiaries. Therefore, we find respondent guilty of failing to preserve the identity of funds of a client (DR 9-102) and conduct adversely reflecting on his fitness to practice law (DR

1-102 [A] [6]) but not guilty of misconduct involving dishonesty, fraud, deceit, or misrepresentation (DR 1-102 [A] [4]) or of conduct prejudicial to the administration of justice (DR 1-102 [A] [5]).

Charge II accuses respondent of violating Code of Professional Responsibility DR 1-102 (A) (5) and (7) (as approved by this court effective Sept. 1, 1990) by representing the Doran estate between February and May 1991 in violation of this court's order conditioning his resumption of practice upon his submission of a supervision and monitoring plan. Although respondent commenced discussion with the State Bar's Lawyers Assistance Program in September 1990 concerning a proposed monitoring plan, he did not submit a plan to this court until April 17, 1991. While he contends that his services for the Doran estate should not be considered the practice of law, we find that they did rise to that level and therefore find respondent guilty of violating the directive in this court's order concerning his resumption of practice. Respondent's services included preparing and filing probate documents in the Rensselaer County Surrogate's Court, among other things. Some of those documents were improperly notarized by respondent's wife outside the signers' presence, and then submitted by respondent to the Surrogate's Court. This latter misconduct, which respondent admits, is alleged in charge III which accuses him of violating Code of Professional Responsibility (as approved by this court effective Sept. 1, 1990) DR 1-102 (A) (4), (5) and (7) and DR 7-102 (A) (4) and (8).

Respondent is guilty of fairly serious professional misconduct. He is unable to account for $3,731 in client funds held in his escrow account; he violated the directive in this court's order concerning his resumption of the practice of law; and he submitted improperly notarized documents to a Surrogate's Court.

There are, however, mitigating circumstances which must be noted. First of all, as previously observed, respondent's mishandling of the Adept funds does not appear to have been intentional but rather the result of the alcoholic condition with which he was afflicted during that period. In addition, he acknowledged his debt to a representative of Adept in November 1990 and has made continuing efforts to repay the money. Secondly, although respondent acted as attorney for the Doran estate prior to approval of a monitoring plan, his activities were minimal and appeared to have been predicated on his belief that approval of the plan he had agreed to was imminent. Third, respondent states that he has been abstinent

from alcohol since August 1989, is currently employed as a clerk for a construction concern and intends to resume a limited law practice if permitted by this court.

We conclude that on account of his misconduct in the Adept and Doran matters, respondent should be suspended for one year, *nunc pro tunc* as of September 18, 1990, the date of our prior order of censure. We further direct that an order may be entered reinstating respondent to practice upon his filing of proof that: 1) he has signed a new monitoring agreement with the New York State Bar Association's Lawyers Assistance Program which shall be substantially similar to the agreement signed in March 1991; the new agreement may be modified in appropriate respects, with the consent of petitioner, to reflect respondent's present circumstances and claimed sobriety since August 1989; 2) he is continuing to make regular payments to Adept; 3) he has reimbursed the Lawyer's Fund for Client Protection in the amount of $250 representing moneys paid to Mary Kelly as the result of misconduct involved in the prior disciplinary proceeding; and 4) he is currently registered with the Office of Court Administration and that all fees have been paid in accordance with Judiciary Law § 468-a and part 118 of the Rules of the Chief Administrator (22 NYCRR part 118).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that respondent be and hereby is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, *nunc pro tunc* as of September 18, 1990, and until further order of this court; and it is further ordered that an order may be entered reinstating respondent upon his compliance with the conditions set forth in this court's decision; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto.