■ In the Matter of the Claim of BOB G. BISHOP, Respondent, v REMLAP CONSTRUCTION et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 20, 1990, which ruled that there was insufficient medical evidence of a prior physical impairment and discharged the Special Funds Conservation Committee from liability.

The medical evidence presented establishes that, prior to his injury of August 5, 1988, claimant had a congenital narrowing of his spinal canal in the lower portion of his back. Although the medical evidence also reveals that this condition made claimant's injury materially worse, it cannot be said on this record that the Workers' Compensation Board erred in failing to find that the congenital condition "[was] or [was] likely to be a hindrance or obstacle to employment" (Workers' Compensation Law § 15 [8] [b]). Contrary to the employer's contention, the Board did not disregard the medical evidence; rather, it determined that such evidence did not prove that the condition met the language of the statute such as to cause liability on the part of the Special Funds Conservation Committee.

Weiss, P. J., Mikoll, Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.

(March 12, 1992)

■ In the Matter of WALTER S. WOJCIK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. By decision dated January 9, 1992, respondent was suspended for one year *nunc pro tunc* as of September 18, 1990 and until further order of the court. It was further provided that respondent would be reinstated upon his compliance with certain conditions set forth in the decision (*Matter of Wojcik,* 179 AD2d 868).

Respondent has now established his compliance with the conditions specified by this court. Petitioner has advised that it has no grounds upon which to object to respondent's reinstatement. Accordingly, respondent will be reinstated to the practice of law, effective immediately.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that respondent be and hereby is reinstated as an attorney and counselor at law in the State of New York, effective immediately.