■ In the Matter of the Claim of GLORIA REGEIRO, Respondent, v HARBOR DISTRIBUTING CORPORATION et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, J. Appeal from a decision of the Workers' Compensation Board, filed October 29, 1990, which found no medical evidence of a preexisting permanent impairment and discharged the Special Funds Conservation Committee from liability.

In May 1985 decedent, an employee of Harbor Distributing Corporation, a beer distributor, sustained injuries to his back and legs when, while unloading a beer shipment, the stock skidded and pinned him against a wall. Having become permanently disabled as a result thereof, decedent applied for and received workers' compensation benefits. In December 1985, while hospitalized for an evaluation of his progressive

back pain, it was discovered that he was suffering from metastatic adenocarcinoma of the liver and bone of undetermined primary origin. The cancer progressed rapidly and decedent succumbed approximately one month later.

Shortly thereafter claimant, decedent's widow, filed a claim for death benefits which the employer contested on the ground that the death was not causally related to the 1985 back and leg injuries. A hearing was held and medical evidence was presented. While the experts disagreed on whether the accident accelerated the malignant process, both agreed that notwithstanding the fact that the cancer was asymptomatic, it preexisted the accident. The Workers' Compensation Law Judge concluded that the death was causally related to decedent's accident and granted claimant's application for death benefits. Upon appeal, the Workers' Compensation Board affirmed.

The matter was continued on the issue of whether the Special Funds Conservation Committee (hereinafter the Fund) was liable to reimburse the employer pursuant to Workers' Compensation Law § 15 (8) (e) for benefits paid. On that issue the Workers' Compensation Law Judge found that there was no evidence that decedent's cancer was a preexisting permanent physical impairment within the meaning of Workers' Compensation Law § 15 (8) (b) and denied the employer's claim for reimbursement. The Board affirmed. The employer appeals only from the latter decision.

We reverse. We have previously recognized that the plain language of Workers' Compensation Law § 15 (8) and its underlying purpose preclude the Fund from relitigating any of the primary issues relating to the compensability of a claim for death benefits under Workers' Compensation Law § 15 (8) (e) in a reimbursement proceeding (see, Matter of Ruffino v Rosen & Sons, 142 AD2d 177, affd 74 NY2d 861). Since the presence of a preexisting permanent physical impairment is a necessary element in establishing the compensability of a claim (see, supra, at 179; cf., Matter of Lalla v Astoria Air Conditioning, 156 AD2d 808), in our view the Fund's challenge falls squarely within the parameters outlined in Matter of Ruffino v Rosen & Sons (supra). Inasmuch as the Board's determination exonerating the Fund from liability on the ground that decedent's cancer was not a permanent physical impairment constituted, in practical effect, a relitigation and reversal of this previously decided issue, it is erroneous as a matter of law.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Or-

dered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision.