■ In the Matter of the Claim of JEAN BRIGANDI, Respondent, v TOWN & COUNTRY LINOLEUM & CARPET et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [633 NYS2d 659] —Cardona, P. J. Appeals (1) from a decision and an amended decision of the Workers' Compensation Board, filed June 29, 1993 and June 6, 1994, which ruled that there was no evidence of a pre-exisiting permanent physical impairment and discharged the Special Disability Fund from liability, and (2) from a decision of said Board, filed July 29, 1994, which, *inter alia*, denied the employer's application for reconsideration.

On February 26, 1990, decedent died after suffering cardiac arrest during the performance of his duties as a carpet layer. An autopsy revealed the existence of underlying coronary atherosclerotic disease. Claimant, decedent's widow, filed a claim for death benefits which were ultimately awarded following a hearing. Prior to this award, however, the employer's compensation carrier filed a notice of claim for reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8). The Workers' Compensation Board ultimately found that the record did not support a finding that decedent's underlying heart condition was or was likely to be a hindrance to his employment prior to his death and, therefore, Workers' Compensation Law § 15 (8) did not apply. The Board then held the compensation carrier liable and discharged the Fund. The employer's application for full Board review and/or reconsideration was denied and these appeals by the employer and its carrier followed.

We affirm. In order to obtain reimbursement pursuant to Workers' Compensation Law § 15 (8) (d), "an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (*Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894). Here, we disagree with the allegation that the Board must have ignored medical evidence in the record indicating a preexisting physical impairment simply because it determined that Workers' Compensation Law § 15 (8) was inap-

plicable (*see, Matter of Bishop v Remlap Constr.*, 181 AD2d 938). Instead, the Board could rationally conclude that, similar to the situation in *Matter of Sturtevant v Broome County* (*supra*, at 894), "nothing in the record established that [decedent's heart disease] hindered his job potential in any way".

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decisions and amended decision are affirmed, without costs.