■ In the Matter of the Claim of FRED A. FREER, Deceased, Respondent, v NEW PROCESS GEAR, Appellant. SPECIAL DISABILITY FUND, Respondent; WORKERS' COMPENSATION BOARD, Respondent. [654 NYS2d 881] —White, J. Appeal from a decision of the Workers' Compensation Board, filed December 28, 1994, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

Decedent was employed as a laborer for New Process Gear (hereinafter the employer), an automobile factory, since 1962. On December 5, 1989, decedent, who had been diagnosed with chronic obstructive pulmonary disease several years earlier, inhaled freon fumes during the course of his employment which caused him to have immediate respiratory symptoms, particularly shortness of breath. Following this incident, decedent sought medical treatment and his condition worsened over time. He never returned to work and eventually died on January 10, 1992 from respiratory failure, emphysema and chemical pneumonitis.

Decedent submitted a claim for workers' compensation benefits on December 18, 1991 and his widow filed a death benefit claim on February 10, 1992, each of which the employer contested. Notably, the employer alternatively sought, in the event that the claims were determined to be compensable, reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d) and (e). The Special Disability Fund, in turn, contended that Workers' Compensation Law § 15 (8) did not apply to the instant claims under the doctrine of inseparability. The Workers' Compensation Law Judge awarded decedent's widow disability and death benefits and further determined that the employer was entitled to relief under Workers' Compensation Law § 15 (8). This latter determination, however, was reversed by the Workers' Compensation Board. The employer appeals.

The Legislature enacted Workers' Compensation Law § 15 (8), known as the Second Injury Law, to provide an incentive to employers to hire permanently disabled persons (Workers' Compensation Law § 15 [8] [a]). Under this statute, an

employer, after paying 104 weeks of benefits, is reimbursed by the Special Injury Disability Fund for awards for permanent disability or death, together with all medical expenses (Workers' Compensation Law § 15 [8] [d]). To obtain reimbursement, " 'an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone' " (*Matter of Brigandi v Town & Country Linoleum & Carpet*, 221 AD2d 728, quoting *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894). In the case of the death of an employee, reimbursement is required if the subsequent injury "shall result in the death of the employee and it shall be determined that either the injury or death would not have occurred except for such pre-existing permanent physical impairment" (Workers' Compensation Law § 15 [8] [e]). A further qualification is that the preexisting condition must be separate and distinct from the subsequent injury (*see, Matter of McIntosh v Healy Constr. Co.*, 17 AD2d 544, 546, *lv denied* 12 NY2d 648).

Thus, where a claimant's respiratory condition was caused by his exposure to chronic acid fumes at his place of employment, we affirmed the Board's discharge of the Special Fund on the basis that a preexisting physical impairment had not been established (*see, Matter of Ritz v Farber Bros.*, 30 AD2d 1021, 1022, *lv denied* 23 NY2d 644; *see also, Matter of Harisiades v Sutter French Confections*, 32 AD2d 981). Likewise, the Board has discharged the Special Fund where the claimant's death was brought about solely by a compensable occupational obstructive pulmonary disease (*see, Matter of Carbone Motor Sales*, Work Comp Bd, Aug. 27, 1993, 1993 WL 365484). The Board has also discharged the Special Fund where the claimant sustained an occupational aggravation of a pulmonary disease but the record did not establish a separate and distinct pre-existing condition (*see, Matter of Chester Cable Corp.*, Work Comp Bd, Oct. 3, 1994, 1994 WL 566025).

Our analysis of this record shows that this case is distinguishable from the foregoing. Here, decedent's preexisting disabling condition was not work related; instead its etiology was traced to a history of smoking, together with a family history of respiratory disease. Moreover, there is no dispute that decedent's condition resulted in a permanent impairment of his health that hindered his job potential. Nevertheless, decedent was able to work until he sustained the compensable

injury to his lungs. According to the opinions of Michael Lax and Richard Evans, two physicians upon whom the Board relied, the exposure to freon aggravated and worsened decedent's preexisting lung condition and contributed to his disability. Evans further opined that, without the exposure to freon, decedent would not have experienced the rapid acceleration in loss of lung function that led to his death. In view of this record, we conclude that the Board's application of the separability rule is not supported by substantial evidence since decedent had a prior noncompensable injury that was followed by a compensable injury which combined to produce a permanent disability and eventually led to decedent's death (*see, Matter of Ferguson v Art Stone Co.*, 6 AD2d 25, 27-28, *lv denied* 5 NY2d 705; *see also*, 2 Larson, Workmen's Compensation § 59.32 [g]). Accordingly, we reverse.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.