■ In the Matter of the Claim of THOMAS SAUNDERS, Respondent, v PEPSI COLA et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [671 NYS2d 877] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed July 11, 1996, which, *inter alia*, discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

On December 28, 1989, claimant injured his lower back in the course of his employment while delivering cases of beverages, a job he had previously performed for the employer for approximately six years without noticeable back difficulties. As a result of the accident, claimant had two back surgeries and was awarded workers' compensation benefits. During the course of claimant's medical treatment, X rays revealed that claimant had the preexisting condition of spondylolisthesis. Consequently, the employer's workers' compensation carrier filed an application seeking to impose liability upon the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). The Workers' Compensation Board ultimately concluded that claimant's compensable permanent partial disability was solely caused by the injuries sustained in the December 1989 accident and rejected the carrier's Workers' Compensation Law

§ 15 (8) (d) claim. This appeal by the employer and its carrier ensued.

We affirm. In our view, the Board did not err in discharging the Special Disability Fund. "To obtain reimbursement pursuant to the statute, an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (*Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [citations omitted]; *see*, Workers' Compensation Law § 15 [8] [d]).

Here, there is substantial evidence in the record to support the Board's finding that claimant's spondylolisthesis was asymptomatic and not a prior physical impairment before the December 1989 accident. Notably, Richard Dobson, a specialist in physical medicine and rehabilitation, rendered a report dated July 30, 1994 in which he stated that claimant's preexisting condition did not contribute to his subsequent disability and refused to apportion any liability to it. Although there is medical evidence to the contrary in the record, we find no reason to conclude that the Board ignored this evidence or erred in finding that Workers' Compensation Law § 15 (8) (d) is inapplicable in this instance (*see*, *Matter of Brigandi v Town & Country Linoleum & Carpet*, 221 AD2d 728; *Matter of Bishop v Remlap Constr.*, 181 AD2d 938).

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.