■ In the Matter of the Claim of ANTONIA V. ROSA, Respondent, v BRITT FAST FREIGHT, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [698 NYS2d 65] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 10, 1998, which discharged the Special Disability Fund from liability.

Claimant's husband, a truck driver, sustained a fatal heart attack while making a delivery in the course of his employment. The employer and its workers' compensation carrier contested claimant's claim for death benefits and filed a claim for reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8). The Workers' Compensation Board discharged the Fund, concluding that there is a lack of evidence of a preexisting physical impairment which would have been a hindrance to claimant's employment. The employer and carrier appeal.

Where, as here, there is medical evidence of preexisting heart disease, but there is nothing in the record to establish that decedent's heart disease hindered his job potential in any way, the Board's decision to discharge the Fund must be affirmed (*see, Matter of Brigandi v Town & Country Linoleum & Carpet*, 221 AD2d 728). We reject the carrier's contention that because the preexisting condition contributed to decedent's death, it necessarily hindered decedent's job potential. Pursuant to Workers' Compensation Law § 15 (8) (e), the Fund could not be liable unless decedent's death "would not have occurred except for such pre-existing permanent physical impairment". Thus,

the additional requirement that preexisting impairment hindered job potential (*see*, Workers' Compensation Law § 15 [8] [b]; *Matter of Sturtevant v Broome County*, 188 AD2d 893) requires something more than evidence that the preexisting impairment contributed to decedent's death.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.