[711 NYS2d 51]

In the Matter of the Claim of JANICE L. MILLS, Respondent, v STAFFKING (HIDDEN VALLEY) et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, July 6, 2000

## APPEARANCES OF COUNSEL

*Brenda C. Moses,* New York City, for appellant.

*Foley, Smit, O'Boyle & Weisman,* New York City (*Teresa E. Wolinski* of counsel), for State Insurance Fund, respondent.

## OPINION OF THE COURT

SPAIN, J.

Workers' Compensation Law § 15 (8)—known as the "Secondary Injury Law"—provides an incentive to employers to hire permanently disabled persons (*see, Matter of Freer v New Process Gear,* 237 AD2d 869). This incentive permits an employer to obtain reimbursement from the Special Disability Fund (hereinafter the Fund) for workers' compensation benefits and medical expenses awarded for permanent disability or death arising out of and in the course of the employment of a previously disabled person (*see, Matter of Chadwick v Mallinkrodt Anesthesia Prods.,* 264 AD2d 953). Prior to 1996, reimbursement commenced after the employer paid the first 104 weeks of benefits (*see, id.*). Section 39 of the Omnibus Workers' Compensation Reform Act of 1996 (*see,* L 1996, ch 635 [hereinafter the Omnibus Act]) amended the relevant provisions of Workers' Compensation Law § 15 (8) to extend the 104-week waiting period to 260 weeks for claims where the accident or disablement occurred on or after August 1, 1994.

Claimant injured her back on August 18, 1994 during the course of her employment and filed a claim for benefits. Based on claimant's physical impairments incurred prior to the work-related injury, the employer's workers' compensation insurance carrier (hereinafter the carrier) filed a claim in January 1995 seeking reimbursement pursuant to Workers' Compensation Law § 15 (8). By decision filed March 15, 1996, claimant was classified as permanently partially disabled with a reduced earnings award, Workers' Compensation Law § 15 (8) was determined to be applicable and the case was closed. After paying benefits to claimant for 104 weeks, the carrier requested reimbursement from the Fund in January 1997. The Fund, relying on the 260-week period contained in section 39 of the Omnibus Act, denied the request.

The carrier thereafter requested that the Workers' Compensation Board reopen the case for the purpose of determining the applicable waiting period. Upon reopening, the Board ultimately concluded that section 39 of the Omnibus Act applied only to claims for reimbursement filed after the September 10, 1996 effective date of that section. Accordingly, the Board ruled that the carrier was entitled to reimbursement after 104 weeks. The Fund appeals.

Inasmuch as the retroactivity issue raised by this appeal is a question "of statutory analysis dependent only on an accurate apprehension of legislative intent * * * there is little reason to accord weight to the Board's interpretation of the amendment" (*Matter of Thomas v Bethlehem Steel Corp.*, 63 NY2d 150, 154). "It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it * * *. An equally settled maxim is that 'remedial' legislation or statutes governing procedural matters should be applied retroactively" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584 [citations omitted]). Notably, these canons "are merely navigational tools to discern legislative intent" (*id.*, at 584) and "should not be abused as talismanic" (*Becker v Huss Co.*, 43 NY2d 527, 540). Thus, attempts to classify the amendment as remedial, nonremedial, substantive or procedural shed little light on the issue. "Instead, examination of legislative intent, if it be discernible, recognition of the flexibility of the compensation law in achieving its social goals, and consideration of the practicalities and the realities offer more fruitful and sounder analysis" (*id.*, at 541).

"As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, *supra*, at 583). The amendment at issue was effective "immediately" (L 1996, ch 635, § 90), which signifies some urgency but is equivocal with regard to the retroactivity issue (*see, Becker v Huss Co.*, *supra*, at 541), and its significance "is further obscured because the Legislature explicitly designated prospective or retroactive application for other provisions of the [Omnibus] Act" (*Majewski v Broadalbin-Perth Cent. School Dist.*, *supra*, at 583). Thus, in *Majewski v Broadalbin-Perth Cent. School Dist.* (*supra*) the Court of Appeals held that, despite an immediate effective date, the provisions of the

Omnibus Act which amended Workers' Compensation Law § 11 to limit an employer's liability for contribution or indemnification should be applied prospectively to actions filed after the amendment's effective date. In marked contrast to the provisions of the Omnibus Act at issue in *Majewski*, however, section 39 of the Omnibus Act contains an August 1, 1994 "trigger date," which precedes the effective date and, when coupled with the immediate effective date, evinces not only urgency but also retroactivity.*

As a result of the time limits for filing a claim for reimbursement (*see*, Workers' Compensation Law § 15 [8] [f]), it appears that the August 1, 1994 date will rarely have any significance in reimbursement claims filed after the effective date of the amendment, which lends support to the conclusion that the amendment was intended to have retroactive application (*see*, *Matter of OnBank & Trust Co.*, 90 NY2d 725, 731). In *Matter of Kass v Club Mart.* (160 AD2d 1148), this Court held that an earlier amendment to Workers' Compensation Law § 15 (8) applied to claims for reimbursement where the issue of an employer's entitlement to reimbursement had not been finally determined prior to the amendment's effective date. We reach the same conclusion with regard to the amendment at issue in this case (*see*, *Matter of St. Vincent's Hosp. & Med. Ctr. v New York State Div. of Hous. & Community Renewal*, 109 AD2d 711, 712, *affd on mem below* 66 NY2d 959). The statutory scheme involved in this case is part of an "intricate system for fixing the economic consequences of industrially caused injury [and t]he amendment at issue * * * is just another adjustment in the allocation of the financial * * * burdens" (*Becker v Huss Co.*, *supra*, at 542).

Nevertheless, "[t]here being different degrees of retroactivity" (*id.*, at 542), we reject the Fund's claim that retroactive application should extend to this case where the right to reimbursement was finally determined and the case was closed prior to the effective date of the amendment. In the absence of any clear expression of legislative intent regarding the degree of retroactivity, "it should not be inferred that the amendment was intended to be as retroactive as constitutional limitations would permit" (*id.*, at 542). Thus, the date of the final determination of the right to reimbursement is an appropriate critical point in determining the degree of retroactivity (*see*, *id.*, at

---

* The legislative history cited by the Fund provides no insight beyond that which can be gleaned from the statutory language (*see*, *e.g.*, Assembly Mem in Support, 1996 McKinney's Session Laws of NY, at 2562-2565).

542). Accordingly, while we disagree with the Board's conclusion that the amendment at issue is applicable only to claims for reimbursement filed after the amendment's effective date, we conclude that because the carrier's right to reimbursement was finally determined prior to the amendment's effective date, the amendment is inapplicable. The Board's decision that the carrier is entitled to reimbursement after 104 weeks is therefore affirmed.

MERCURE, J. (dissenting). We respectfully dissent. In our view, the unequivocal provision of Workers' Compensation Law § 15 (8) (as amended by L 1996, ch 635, § 39) that the Special Disability Fund shall reimburse employers or carriers for compensation and medical benefits subsequent to those payable for the first 260 weeks of disability "for claims where the date of accident or date of disablement occurred on or after [August 1, 1994]" establishes the retroactive application of the new law.

Obviously, the amendment's September 10, 1996 effective date, which was hostage to the vagaries of the political process and ultimately established by nothing more than the Governor's decision to sign it into law on that day (*see*, L 1996, ch 635, § 90), pales in significance to the amendment's own clear statement concerning its retroactive application (*see*, *Matter of On-Bank & Trust Co.*, 90 NY2d 725, 730). Yet, in its analysis, the Workers' Compensation Board has chosen to seize upon the former and essentially ignore the latter, violating the fundamental tenet that the language of a statute should be construed in such a manner as to give effect to every term utilized (*see*, *id.*, at 731). In short, the statutory language contains within it the effective date (August 1, 1994) that the Legislature envisioned for the transition from a 104-week waiting period to a 260-week waiting period. In view of the uncontroverted evidence that claimant filed a claim with regard to an accident that occurred after August 1, 1994, we conclude that the 260-week provision applied and that the contrary determination of the Workers' Compensation Board should be reversed.

CARDONA, P. J., and ROSE, J., concur with SPAIN, J.; MERCURE and CARPINELLO, JJ., dissent in a separate opinion by MERCURE, J.

Ordered that the decision is affirmed, without costs.