■ In the Matter of the Claim of GLORIA FLYNN, Respondent, v MANAGED CARE, INC., et al., Respondents, and CNA INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [810 NYS2d 536]—

Mercure, J. Appeals (1) from a decision and an amended decision of the Workers' Compensation Board, filed February 9, 2004 and June 21, 2004, which discharged the Special Disability Fund from liability, and (2) from a decision of said Board, filed May 4, 2005, which denied the workers' compensation carrier's request for reconsideration and/or full Board review.

A detailed recitation of the facts can be found in a prior decision of this Court, in which we dismissed as untimely the workers' compensation carrier's appeal from a determination of the Workers' Compensation Board that decedent's death was causally related to his employment (302 AD2d 696 [2003]). Specifically, the Board had concluded that decedent's death was caused by a combination of decedent's coronary artery disease and exposure to winter elements following a car accident that occurred while he was on a business trip. Subsequent to our dismissal of the appeal, the Board reopened the case at the carrier's request for the purpose of addressing the applicability of Workers' Compensation Law § 15 (8). The Board determined that the statute did not apply in this instance and discharged the Special Disability Fund. The workers' compensation carrier now appeals from that determination, as well as the ensuing decision denying its request for reconsideration and/or full Board review.

We affirm. In order for an employer to obtain reimbursement from the Fund in the case of a death, it must establish (1) that the decedent had a preexisting permanent impairment that hindered or was likely to hinder his or her employment potential, (2) a compensable injury and (3) that either the injury or the death would not have occurred but for such preexisting permanent impairment (see Workers' Compensation Law § 15 [8] [b], [e]; Matter of Saunders v Pepsi Cola, 249 AD2d 780, 781 [1998]; Matter of Freer v New Process Gear, 237 AD2d 869, 870 [1997]). Moreover, it is well settled that the "requirement that [the] preexisting impairment hindered job potential requires something more than evidence that the preexisting impairment contributed to decedent's death" (Matter of Rosa v Britt Fast Frgt., 266 AD2d 603, 604 [1999] [citations omitted]; see Matter of Brigandi v Town & Country Linoleum & Carpet, 221 AD2d 728, 728-729 [1995]).

Substantial evidence supports the Board's conclusion that decedent's asymptomatic heart condition did not hinder his job potential. The Board noted that decedent's wife testified that he had a physical examination eight months prior to the accident, including an electrocardiogram that revealed no problems with

his heart. In addition, decedent received no cardiac treatment and was not on a special diet. Thus, although there is evidence in the record to the contrary, we cannot say that the Board erred in finding that Workers' Compensation Law § 15 (8) is inapplicable here (*see Matter of Calderone v Metal Container Corp.*, 286 AD2d 848, 848 [2001]; *Matter of Rosa v Britt Fast Frgt., supra* at 603-604; *Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d 953, 953-954 [1999]; *Matter of Saunders v Pepsi Cola, supra* at 780-781; cf. *Matter of Freer v New Process Gear, supra* at 870-871). Contrary to the carrier's argument, the Board properly distinguished *Matter of Regeiro v Harbor Distrib. Corp.* (182 AD2d 932 [1992]) on the ground that, unlike that case, the Fund here does not seek to relitigate the compensability of the claim or the existence of a prior permanent impairment. Rather, the Fund concedes the existing prior impairment, but challenges whether that impairment hindered decedent's job potential, an issue not previously resolved by the Board (*see Matter of Rosa v Britt Fast Frgt., supra* at 603-604; *Matter of Brigandi v Town & Country Linoleum & Carpet, supra* at 728-729; *Matter of Sturtevant v Broome County*, 188 AD2d 893, 894 [1992]).

The carrier's remaining contentions have been examined and found to be without merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decisions and amended decision are affirmed, without costs.