■ In the Matter of the Claim of ERNEST McDONALD, Respondent, v WATER TUNNEL CONTRACTORS et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [858 NYS2d 424]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed February 16, 2006, which ruled that Workers' Compensation Law § 15 (8) (ee) applied to claimant's award of workers' compensation benefits.

From 1969 to 1975, claimant worked as a sand hog for the employer, assisting in the blasting and construction of underground tunnels. In 1999, he filed a claim for workers' compensation benefits alleging that he was recently diagnosed with occupational lung diseases due to his work in the tunnels. At the preliminary hearing, claimant, the employer, its workers'

compensation carrier and the Special Fund for Reopened Cases were all represented. The Workers' Compensation Law Judge (hereinafter WCLJ) ordered that the Special Fund for Reopened Cases be discharged from notice and continued the case. In October 2002, the WCLJ established the case for chronic obstructive pulmonary disease (hereinafter COPD) and silicosis. The carrier applied for review before the Workers' Compensation Board, resulting in a March 2003 affirmance.

At later hearings, the WCLJ classified claimant with a permanent partial disability and made awards. Based upon the establishment of the case for silicosis, a recognized dust disease, the carrier requested that the Special Disability Fund be considered liable for reimbursement pursuant to Workers' Compensation Law § 15 (8) (ee). At a March 2005 hearing, at the request of the Special Disability Fund, the WCLJ agreed to reconsider and review whether the original establishment of the case for silicosis was based on substantial evidence. After review of the case, including a new independent medical examination submitted by the Special Disability Fund, the WCLJ found that claimant was not "*disabled* by silicosis," so the carrier was not entitled to reimbursement. The carrier applied for Board review, resulting in a reversal. The Board found that the Special Disability Fund lacked standing to challenge the issue of diagnosis, the original decision should not have been disturbed and the Special Disability Fund was required to reimburse the carrier. This appeal by the Special Disability Fund ensued.

The Special Disability Fund had standing to challenge the determination that claimant was disabled by silicosis. An "employee's claim for compensation and the employer's claim for reimbursement are separate and distinct, and trigger separate proceedings" (*Matter of Ruffino v Rosen & Sons*, 142 AD2d 177, 180 [1988], *affd* 74 NY2d 861 [1989]). The Special Disability Fund only has standing with respect to proceedings concerning claims for reimbursement against the fund, not for proceedings on claims for benefits against the employer, and it cannot relitigate elements of compensability (*see Matter of Regeiro v Harbor Distrib. Corp.*, 182 AD2d 932, 933 [1992]; *Matter of Ruffino v Rosen & Sons, supra*; *see also* Workers' Compensation Law § 15 [8] [i]). On the other hand, this Court affirmed a Board decision which permitted the Special Disability Fund to challenge a finding of occupational disease under one category but establish a compensable disease under another category, because this challenge did not address the primary issue of compensability of the employee's claim but, instead, bore on the issue of the Special Disability Fund's liability for reimbursement (*see Matter*

*of Lalla v Astoria A.C.*, 156 AD2d 808, 809 [1989]). The present matter is similar to *Lalla*, in that the Special Disability Fund's challenges to the diagnosis of silicosis, and claimant's disablement due to that diagnosis, bear on its liability for reimbursement (*see* Workers' Compensation Law § 15 [8] [ee]). At the same time, the COPD diagnosis is left unchallenged, so that claimant will be entitled to compensation in any event (*cf. Matter of Flynn v Managed Care, Inc.*, 27 AD3d 794, 796 [2006], *lv denied* 7 NY3d 717 [2006]). Thus, the Board should have entertained the Special Disability Fund's challenge.

The record does not support a finding that claimant was disabled by silicosis. The Board has broad authority to resolve factual questions concerning medical conditions and credibility of the evidence (*see Matter of Fama v P & M Sorbara*, 29 AD3d 170, 172-173 [2006], *lv dismissed* 7 NY3d 783 [2006]; *Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741 [2001]). The Board's determination on these issues, however, must be supported by substantial evidence (*see Matter of Smith v Bell Aerospace*, 125 AD2d 140, 142 [1987]). Here, there was no medical evidence establishing that claimant suffered from silicosis. Although his treating physicians referred to a "history of silicosis," they never reached that diagnosis. The independent medical examination obtained by the Special Disability Fund opined that the medical records did not support a diagnosis of silicosis, only a diagnosis of COPD. As the record lacks substantial evidence to support a finding that claimant suffered from and was disabled due to silicosis, that finding cannot stand. Without a diagnosed dust disease, the Special Disability Fund is not required to reimburse the carrier (*see* Workers' Compensation Law § 15 [8] [ee]).

Nevertheless, there is record evidence that claimant suffers from a respiratory disease and that his condition was caused, at least in part, by his exposure to dust during his employment with the employer. That evidence, together with the statutory presumption that he suffered an "injurious exposure" while working in an environment with harmful dust (Workers' Compensation Law § 47), raises a question of fact concerning claimant's condition and disability. Accordingly, we remit for the Board to render a determination as to whether claimant suffers from a qualifying dust disease other than silicosis, so as to require reimbursement by the Special Disability Fund (*see* Workers' Compensation Law § 15 [8] [ee]).

Peters, J.P., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.