■ In the Matter of the Claim of CHRISTINE A. SHEPLER, Respondent, v CITY OF TONAWANDA et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [889 NYS2d 304]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 2, 2008, which discharged the Special Disability Fund from liability.

Claimant's husband (hereinafter decedent) worked as a laborer and driver for the employer. As the result of undiagnosed arteriosclerotic cardiovascular disease, decedent went into cardiac arrest while collecting garbage and died. Claimant's ensuing workers' compensation claim was established by the Workers' Compensation Board. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) then sought to obtain reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (e). The Board rejected that application, finding that the employer had not shown that decedent's prior condition hindered or was likely to hinder his employability, and the employer appeals.

We affirm. To obtain reimbursement from the Fund, the employer must show "(1) that the decedent had a preexisting permanent impairment that hindered or was likely to hinder his or her employment potential, (2) a compensable injury and (3) that either the injury or the death would not have occurred but for such preexisting permanent impairment" (*Matter of Flynn v Managed Care, Inc.*, 27 AD3d 794, 795 [2006], *lv denied* 7 NY3d 717 [2006]; *see* Workers' Compensation Law § 15 [8] [b], [e]; *Matter of Freer v New Process Gear*, 237 AD2d 869, 869-

870 [1997]). With regard to the first requirement, "the issue is not whether the pre-existing condition is an obstacle or likely to become a handicap to the particular job, but rather whether it [would have been] a hindrance to . . . [decedent's] employability generally" (*Matter of De Dominic v Schlitz Brewing Co.*, 30 AD2d 578, 579 [1968]). Further, the fact that decedent's preexisting condition contributed to his death, without more, is insufficient to show that his employment potential was hindered by it (*see Matter of Flynn v Managed Care, Inc.*, 27 AD3d at 795).

Here, a physician retained by the employer opined that decedent's condition would have hindered his capacity to engage in physical labor. Both that physician and the medical examiner who performed decedent's autopsy, however, stated that at least 85% of individuals who suffer sudden cardiac arrest are at rest or engaged in minimal physical activity at the time. Moreover, there is no evidence that decedent's undiagnosed condition had previously affected his work or recreational activities in any way. As substantial evidence in the record supports the Board's conclusion that decedent's preexisting condition was not "likely to be a hindrance or obstacle to employment," we decline to disturb its determination (Workers' Compensation Law § 15 [8] [b]; *see Matter of Flynn v Managed Care, Inc.*, 27 AD3d at 795-796; *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]).

Cardona, P.J., Lahtinen, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.