■ In the Matter of the Claim of MAN C. LI, Claimant, v SOUTHERN GARDEN, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [893 NYS2d 665]—

McCarthy, J.

In January 2000, claimant filed a claim with the Workers' Compensation Board for injuries sustained to his head. Claimant's work-related injury was established and the employer's workers' compensation carrier, Allcity Insurance Company, was directed to make payments. In August 2001, the carrier's third-party administrator, York Claims Service, Inc., filed a notice for reimbursement from the Special Disability Fund (hereinafter the Fund) under Workers' Compensation Law § 15 (8) based on a previous injury sustained by claimant.

In April 2005, the Board approved a settlement agreement between claimant and the carrier pursuant to Workers' Compensation Law § 32. In light of the carrier's reimbursement claim, the Special Funds Conservation Committee (hereinafter the Committee) was also a party to the agreement. The agreement noted that the issue of permanency was outstanding and that the parties had decided to settle the claim rather than litigate the issue. The Committee gave provisional consent to the settlement, "subject to the carrier's successful claim under [Workers' Compensation Law § ] 15 (8) (d), less any statutory retention period remaining at the time of the approval of this

agreement." The agreement expressly provided that the Committee's consent "is not to be construed as a concession of liability under . . . [s]ection 15 (8) (d)." Thereafter, the Workers' Compensation Law Judge (hereinafter WCLJ) granted York's reimbursement claim. The Fund filed an application for Board review and the Board reversed the WCLJ's decision. We affirm.

Initially, we are unpersuaded by York's claim that the Board improperly considered the Fund's application for review. The Board did not abuse its discretion in accepting the Fund's application, which was one day late (*see* 12 NYCRR 300.13 [a]; 300.30; *Matter of Cohen v New York City Dept. of Envtl. Protection*, 18 AD3d 1036, 1037 [2005], *lv dismissed* 5 NY3d 872 [2005]). Nor did the Board abuse its discretion in refusing to consider York's untimely rebuttal, filed more than two months late (*see* 12 NYCRR 300.13 [b], [e] [2]; *cf. Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 979 [2005]). York's claim that it was not served with notice of the appeal is unavailing, as York admits that notice was served on the carrier, which is the true party in interest (*see* Workers' Compensation Law § 54 [2]; *cf. Matter of Wilkinson v Bendix Friction Corp.*, 32 AD3d 636, 637-638 [2006]; *Matter of Wilson v Chicago Bridge & Iron*, 2 AD3d 1004, 1005 [2003]). To the extent that York argues, for the first time on appeal, that service upon the carrier was made at the wrong address, the issue is not preserved for our review (*see Matter of Neville v Magazine Distribs., Inc.*, 61 AD3d 1165, 1166 [2009], *lv denied* 12 NY3d 712 [2009]; *Matter of Beers v Jump Start Advanced Academics*, 57 AD3d 1026, 1028 [2008]).

Next, we reject York's claim that the Board improperly considered the permanency issue in connection with York's reimbursement claim. The issue was specifically preserved in the settlement agreement and, at the hearing before the WCLJ, the Fund clearly stated its position that reimbursement should be denied because the carrier's own doctor conceded that claimant was not disabled and there was no evidence to support the claim.

Turning to the merits, we note that "Workers' Compensation Law § 15 (8)—known as the 'Secondary Injury Law'—provides an incentive to employers to hire permanently disabled persons [and] . . . permits an employer to obtain reimbursement from the . . . Fund[ ] for workers' compensation benefits and medical expenses awarded for permanent disability or death arising out of and in the course of the employment of a previously disabled person" (*Matter of Mills v Staffking [Hidden Val.]*, 271 AD2d 146, 147 [2000] [citation omitted]); *see* Workers' Compensation Law § 15 [8] [d], [e]). To prevail on a claim for reimburse-

ment under Workers' Compensation Law § 15 (8) (d), "an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (*Matter of Saunders v Pepsi Cola,* 249 AD2d 780, 781 [1998] [citation omitted]).

Based on its review of the record, the Board denied reimbursement because the work-related injury did not result in a permanent disability. Findings by claimant's treating physician that claimant suffered a partial permanent disability contradicted findings by the carrier's consultant that claimant suffered no permanent disability. "It is the prerogative of the Board to resolve factual disputes created by conflicting medical opinions" (*Matter of Fonda v Norton Co.,* 195 AD2d 834, 835 [1993], citing *Matter of Biller v State Ins. Fund,* 186 AD2d 300, 301 [1992]). William B. Head Jr., a board-certified psychiatrist and neurologist, examined claimant on behalf of the carrier and "fail[ed] to find objective evidence of any permanent neurological or psychiatric condition or disability." This independent medical examination by the carrier's consultant provided substantial evidence supporting the Board's determination and, therefore, we will not disturb it even though evidence in the record might support a contrary result (*see Matter of Flynn v Managed Care, Inc.,* 27 AD3d 794, 796 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Saunders v Pepsi Cola,* 249 AD2d at 781).

Spain, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.