■ In the Matter of the Claim of KAREN PAWLITZ-DELGAIZO, Respondent, v COMMUNITY GENERAL HOSPITAL et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [967 NYS2d 146]—

McCarthy, J. Appeal from an amended decision of the Workers' Compensation Board, filed July 3, 2012, which ruled that

the employer's workers' compensation carrier is not entitled to reimbursement from the Special Disability Fund.

Claimant sustained a work-related injury to her head, back and pelvis in October 1998 and was awarded workers' compensation benefits. Subsequently, the employer and its workers' compensation carrier (collectively referred to as the carrier) sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). Following depositions of claimant as well as the carrier's expert, a Workers' Compensation Law Judge found that the carrier was entitled to reimbursement. On appeal, the Workers' Compensation Board reversed. Thereafter, the carrier sought reconsideration or full Board review and the Board issued an amended decision reaching the same conclusion, but adding certain facts and analysis. The carrier now appeals, and we affirm.

"To qualify for reimbursement from the Fund, the employer must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone" (*Matter of Burley v Theriault Transp.*, 85 AD3d 1423, 1423 [2011] [citations omitted]; *see* Workers' Compensation Law § 15 [8] [d]). We agree with the Board that the carrier failed to prove that claimant's preexisting conditions hindered or were likely to hinder her employment or job potential. While the carrier's expert did offer an opinion that claimant's low back spondylolisthesis and migraine conditions could pose a hinderance to employability, this opinion was based upon generalities and speculation. Notably, the expert did not examine claimant and the available medical records did not reflect that claimant was subject to any restrictions or that these conditions presented any hinderance to her ability to work. Claimant testified that she was not under any restrictions, she was treated with medication for these conditions on an as-needed basis and the medications were effective (*see Matter of Weiner v Glenman Indus. & Commercial Contr. Corp.*, 95 AD3d 1516, 1518 [2012]). Based upon the foregoing, we find that the Board's determination is supported by substantial evidence and we decline to disturb it (*see Matter of Shepler v City of Tonawanda*, 67 AD3d 1313, 1314 [2009]; *compare Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d 1494, 1495 [2010]).

Rose, J.P., Stein and Spain, JJ., concur. Ordered that the amended decision is affirmed, without costs.