## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 4, 2014                 518297
_____

In the Matter of the Claim of
    TATIANA KHOMITCH,
                        Respondent,

        v

CROTCHED MOUNTAIN COMMUNITY
    et al.,
                        Appellants,
        and                                MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

        Walsh & Hacker, Albany (Sean F. Nicolette of counsel), for
appellants.

        Buckley, Mendelson, Criscione & Quinn, PC, Albany (Richard
M. Goldman of counsel), for Tatiana Khomitch, respondent.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, respondent.

_____

Garry, J.

Appeal from a decision of a panel of the Workers' Compensation Board, filed April 26, 2013 which, upon remittal from the full Board, rescinded the transfer of liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a, without prejudice.

Claimant was injured in 2004 and, after her case was established, she was paid compensation through February 2007. In 2011, claimant requested reimbursement for unpaid medical bills totaling approximately $130 and compensation for seven months of lost time in 2010. The parties entered into a stipulation on September 21, 2011, agreeing to resolve all outstanding issues, with the workers' compensation carrier paying $4,750 to claimant as reimbursement for medical and transportation expenses (hereinafter M & T)[1] and a finding of no compensable lost time after 2007. The carrier then sought to transfer liability for the claim to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

The Special Fund asserted in response that the payment for M & T was, in actuality, compensation for lost time, but was labeled "M & T" in an attempt to create an improper basis for transfer of liability under Workers' Compensation Law § 25-a. A Workers' Compensation Law Judge directed the parties to produce information to explain the basis for the payment, and a panel of the Workers' Compensation Board initially reversed, determining that a payment of M & T does not constitute compensation and, thus, liability transferred to the Special Fund. The Board panel further concluded that the Special Fund has no standing to challenge M & T reimbursement. The full Board later rescinded that decision, and returned the matter to the Board panel for further consideration. Upon further review, the Board panel concluded that, although M & T reimbursement is not a payment of compensation within the meaning of Workers' Compensation Law § 25-a, the Special Fund has standing to litigate whether the

-----

[1] References in the parties' briefs and the records to mileage and transportation are apparently erroneous.

payment made to claimant herein was, in fact, an advance payment of compensation that would preclude transfer of liability. The Board panel also determined that questions of fact exist in that regard, and rescinded the transfer of liability to the Special Fund, without prejudice, pending production of evidence demonstrating that the payment to claimant was for medical or travel expenses. The employer and carrier appeal from this decision.

The transfer of liability to the Special Fund "is appropriate when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation" (Matter of Thurston v Consolidated Edison Co. of N.Y., Inc., 115 AD3d 1143, 1144 [2014] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 25-a [1]). Voluntary payments that are made during the relevant time frame and in recognition of the employer's liability constitute advance compensation that will prevent transfer of liability to the Special Fund (see Matter of Thurston v Consolidated Edison Co. of N.Y., Inc., 115 AD3d at 1144; Matter of Schroeder v U.S. Foodservice, 107 AD3d 1135, 1136 [2013]). Moreover, while the Special Fund does not have standing "to litigate the primary issues of compensability of the underlying claim for benefits" or "to reopen a claimant's case and contest the compensability of the claim," it does have standing with respect to proceedings involving claims against such fund (Matter of Ruffino v Rosen & Sons, 142 AD2d 177, 180 [1988], affd on op below 74 NY2d 861 [1989] [internal quotation marks and citation omitted]; see Matter of McDonald v Water Tunnel Contrs., 51 AD3d 1151, 1152-1153 [2008]).

Here, it is undisputed that a true payment of M & T would not preclude transfer of liability to the Special Fund because M & T does not constitute compensation within the meaning of the statute. The Special Fund argues, however, that the record is unclear regarding whether the $4,750 M & T payment was a reimbursement for out-of-pocket medical expenses, or a disguised payment of indemnity benefits that would preclude transfer of liability. As the Special Fund is challenging whether an advance payment was made for the purposes of Workers' Compensation Law § 25-a — an issue involving a claim against the Special Fund —

the Board properly concluded that the Special Fund has standing (see e.g. Matter of Iannaci v Independent Cement Corp., 66 AD3d 1194, 1195-1196 [2009]).  Contrary to arguments of the employer, carrier and claimant, the Board adequately distinguished its prior precedent holding that a payment of M & T does not constitute compensation, explaining that this was not the basis of the argument by the Special Fund.  Finally, we note that because the Board's decision "reach[ed] a potentially dispositive threshold legal issue" — i.e., standing — it is appealable despite the Board's remittal to the Workers' Compensation Law Judge for further development of the record (Matter of Hosler v Smallman, 106 AD3d 1218, 1219 [2013] [internal quotation marks and citations omitted]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court