(September 7, 1990)

■ In the Matter of WALTER S. WOJCIK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL

DEPARTMENT, Petitioner.—Per Curiam. Petitioner Committee on Professional Standards moves to confirm in part and disaffirm in part a Referee's report which found respondent guilty of certain charges of neglect of client matters and of failure to cooperate with the Committee and which rejected one charge of neglect of a client matter. Respondent is an attorney admitted to the practice of law by this court in 1974. At the time of his alleged misconduct, he maintained an office for the practice of law in the City of Troy.

Upon our review of the record in this matter, we find that the Referee's report should be confirmed in its entirety. However, we further find that during the time period respondent was neglecting client matters and failing to cooperate with petitioner, he was also experiencing serious health, financial, emotional, and family problems, including alcoholism. While these problems do not excuse his professional misconduct, they demonstrate that the misconduct was the result of pressures upon respondent that he was largely unable to cope with and which caused him to neglect his practice and duties as an attorney. Moreover, there does not appear to have been any venal motive for respondent's misconduct.

It further appears respondent has discontinued his legal practice and is currently employed in a nonlegal capacity but has indicated a desire to resume a part-time practice. A medical report prepared after an examination of respondent requested by this court indicates that respondent has the capacity to resume a legal practice so long as he remains abstinent from alcohol. The report noted it was "imperative" that respondent "maintain ongoing participation in AA or other long term support resource".

In view of the nature and causes of respondent's professional misconduct, we conclude that a censure of respondent is the appropriate disciplinary sanction. However, we would further direct that prior to respondent's resumption of the practice of law, he must submit to this court for consideration a plan which provides for the supervision and monitoring of his practice for a specified period and which demonstrates his ongoing participation in Alcoholics Anonymous or other appropriate long-term support group. Such a plan should be formulated in consultation with the newly established New York State Bar Association Lawyers Assistance Program, the NYSBA Committee on Lawyer Alcoholism and Drug Abuse, and petitioner (see, e.g., Matter of Schunk, 126 AD2d 772).

Respondent censured. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.