THIRD DEPARTMENT, MAY, 1992

(May 4, 1992)

■ In the Matter of MARTIN P. WINSOR, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD

JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in January 1982 and has maintained an office for the practice of law in Oneonta, Otsego County.

Petitioner, the Committee on Professional Standards, has charged respondent with neglect of an estate, a conservatorship, three guardianships, a matrimonial matter, and a boundary dispute; with failing to comply with a directive of the Otsego County Surrogates Court relating to some of such matters, eventually resulting in his being held in contempt of court on December 3, 1991 and serving a week's incarceration in January 1992; with failing to maintain necessary records of the conservatorship and with issuing nine checks on the conservatorship account when he should have known there were insufficient funds to cover said checks; with failure to respond to client inquiries; and with failure to cooperate with petitioner's investigation and misleading and deceiving petitioner with respect to his stated intention to return a $1,000 retainer fee to one of the neglected clients. Respondent's answer essentially admitted the charges and on March 25, 1992, we granted petitioner's motion for an order, pursuant to section 806.5 of this court's rules (22 NYCRR 806.5), declaring that no factual issues are raised by the pleadings. Respondent was heard in mitigation on April 23, 1992.

We find respondent guilty of the serious professional misconduct charged and specified by petitioner. In mitigation, respondent cites the debilitating effect of diagnosed major depression, with which he is afflicted; his voluntary suspension of his law practice; and arrangements with other Otsego County attorneys to ensure completion of pending matters. He has also submitted a number of laudatory character affidavits.

In view of these circumstances, and especially in recognition of the impairment of professional function which respondent has suffered because of his depression, and upon consideration of his previously unblemished disciplinary record, we conclude that respondent should be suspended for a period of six months. In addition to demonstrating compliance with section 806.12 (b) of this court's rules (22 NYCRR 806.12 [b]), respondent's reinstatement application shall also be supported by a medical report indicating his capacity to resume the practice of law.

Weiss, P. J., Yesawich Jr., Crew III, Casey and Harvey, JJ.,

concur. Ordered, that Martin P. Winsor be and hereby is suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, effectively immediately and until further order of this court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this court's rules governing the conduct of attorneys, that he has otherwise properly conducted himself during the period of his suspension, and that he has the physical and mental capacity to resume the practice of law; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this court regulating the conduct of disbarred, suspended or resigned attorneys.