■ In the Matter of MARTIN P. WINSOR, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [661 NYS2d 886] —Per Curiam. Respondent was admitted to practice by this Court in January 1982 and maintains an office for the practice of law in Oneonta, Otsego County.

Petitioner, the Committee on Professional Standards, moves to confirm a Referee's report sustaining three charges of professional misconduct set forth in an October 1996 petition. Respondent admitted the charges at a hearing before the Referee and advises that he does not oppose the motion.

Respondent was suspended from practice for a period of six months in 1992 (Matter of Winsor, 183 AD2d 936) and reinstated on April 15, 1993 (Matter of Winsor, 192 AD2d 867). After reinstatement respondent began practicing law on a limited basis but after September 1995 he returned to the full-time solo practice of law, working out of a home office.

According to charge I, alleging neglect in violation of this Court's disciplinary rules (22 NYCRR 1200.30 [a] [3] [DR 6-101

(A) (3)]), respondent was retained in December 1993 to assist a conservator prepare accountings and file annual reports, but failed to proceed. During the course of petitioner's investigation of the conservator's complaint, respondent advised by letter that he would file the last of the conservatorship accountings by April 15, 1996. He failed to do so. According to charge II, alleging failure to maintain client communications (see, 22 NYCRR 1200.3 [a] [5], [8] [DR 1-102 (A) (5), (8)]), respondent failed to respond to two letters from the conservator. According to charge III, alleging failure to comply with a directive by petitioner (see, 22 NYCRR 1200.3 [a] [5], [8]), respondent failed to comply with directives by petitioner contained in an oral admonition and a formal letter of admonition that he complete the conservatorship accountings and annual reports.

At the hearing, respondent reported that he had turned over the conservatorship matter to another attorney and that he is undergoing psychotherapy for depression, an ailment he also cited in mitigation of the misconduct which led to our decision suspending him (Matter of Winsor, 183 AD2d 936, supra).

We grant the motion to confirm the Referee's report and find respondent guilty of the professional misconduct charged in the petition. In view of the nature of the misconduct and the mitigating circumstances, we conclude that respondent should be censured. As a condition of his continued practice of law, respondent shall submit to petitioner, for the next two years, semiannual reports from his treating psychotherapist assessing his continuing capacity to practice law.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the motion to confirm the Referee's report is granted and respondent be and hereby is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is censured; and it is further ordered that respondent is directed, as a condition of his practice of law for the next two years, to submit to petitioner semiannual reports from his treating psychotherapist assessing his continuing capacity to practice law.