(September 27, 2000)

■ In the Matter of MARTIN P. WINSOR, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [713 NYS2d 372] —Per Curiam. Respondent was admitted to practice by this Court in 1982 and maintains a law office in the City of Oneonta, Otsego County.

Having received no answer or other reply to a petition of charges filed against respondent, petitioner moved for a default judgment thereon. Thereafter, respondent submitted an affirmation in mitigation in which he also consents to an order of this Court sustaining the charges. Under such circumstances, we grant petitioner's motion and find respondent guilty of the charged misconduct except insofar as the charges allege a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and Charge Ten alleges a violation of the itemized billing requirement set forth in 22 NYCRR 1400.3.

Over the past few years, in violation of this Court's disciplinary rules, respondent has neglected two divorce matters (see, DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to provide one of the divorce clients with the required "statement of client's rights and responsibilities" and written retainer agreement (DR 2-106 [f] [22 NYCRR 1200.11 (f)]; 22 NYCRR 1400.2, 1400.3), failed to fully and promptly cooperate with petitioner (see, DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), and failed to promptly pay the stenographer's bill associated with his examination under oath by petitioner pursuant to subpoena (see, 22 NYCRR 806.4 [e]; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), subsequently issuing a check against insufficient funds in payment thereof (see, DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Respondent also mishandled client funds and his escrow account by allowing his escrow savings and checking accounts to fall below the amount he was required to maintain on behalf of a client, by making disbursements from his escrow checking account for which he had made no corresponding deposit on behalf of a client, and by refunding a client's advance retainer from his escrow checking account utilizing other clients' funds (see, DR 1-102 [a] [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (5), (7); 1200.46]). In addition, he commingled personal and client funds (see, DR 9-102 [a] [22 NYCRR 1200.46 (a)]), failed to deposit funds into an IOLA account or other interest-bearing account (see, Judiciary Law § 497; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to deposit filing fees received from two divorce clients into an identifiable escrow account (see, DR 9-102 [b] [1] [22 NYCRR 1200.46 (b) (1)]), withdrew funds from his escrow checking account other

than by check (see, DR 9-102 [e] [22 NYCRR 1200.46 (e)]), and failed to maintain complete records of client funds deposited into and withdrawn from his escrow savings and checking accounts (see, DR 9-102 [c], [d] [22 NYCRR 1200.46 (c), (d)]).

Respondent's misconduct appears part of a pattern of misconduct which has resulted in prior discipline by this Court (see, 242 AD2d 828; 192 AD2d 867; 183 AD2d 936). As required by the prior decisions, respondent submitted a medical report indicating his capacity to resume the practice of law as a condition of his reinstatement in 1993 and submitted semiannual psychiatric reports in 1998 and 1999 assessing his continuing capacity to practice law. In mitigation of his present misconduct, respondent cites a recent psychologist's report which questions his ability to practice law absent recommended medication for depression and psychotherapeutic treatment for an underlying personality disorder. In addition, respondent has completed one of the divorce matters, has paid the stenographer's bill and has taken steps to avoid future mishandling of client funds.

In view of all of the above, we conclude that respondent should be suspended from practice for a period of six months. Further, in addition to demonstrating compliance with this Court's rule on reinstatement of attorneys (see, 22 NYCRR 806.12), any reinstatement application by respondent shall also be supported by a medical report indicating his capacity to resume the practice of law and by proof that respondent has taken effective steps to maintain his mental health.

Mercure, J. P., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition except insofar as the charges allege a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and Charge Ten alleges a violation of the itemized billing requirement set forth in 22 NYCRR 1400.3; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority and from giving to another an opinion as to the law or its application, or

any advice in relation thereto; and it is further ordered that, upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see,* 22 NYCRR 806.12) and shall submit a medical report indicating his capacity to resume the practice of law and proof that respondent has taken effective steps to maintain his mental health; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see,* 22 NYCRR 806.9) regulating the conduct of suspended attorneys.