■ In the Matter of DESMOND P. SULLIVAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [737 NYS2d 307] —Per Curiam. Respondent was admitted to practice in 1963 by the Appellate Division, Second Department. He maintains an office for the practice of law in the City of Glens Falls, Warren County.

Petitioner moves for a default judgment upon respondent's failure to timely file an answer to a petition of charges. We grant the motion and find respondent guilty of the charges (*see, e.g., Matter of Winsor,* 275 AD2d 858). Respondent has filed papers in mitigation.

According to the petition, respondent failed, in violation of the attorney disciplinary rules (*see,* Code of Professional Responsibility DR 6-101 [a] [3]; DR 7-101 [22 NYCRR 1200.30 (a) (3); 1200.32]), to prosecute a client's case pending in the United States District Court for the Northern District of New York despite reminders and directives from the federal court. The court thereafter fined respondent $500, which he has paid, and directed him to pay the defendant's attorney $1,622.33 in reimbursement for costs and counsel fees. Respondent neglected another client's divorce matter, failed to respond to numerous telephone calls from the client, failed to provide the client with a written retainer agreement and, therefore, improperly charged and collected a $300 retainer, failed to provide the client with the required statement of client's rights and responsibilities, and failed to provide the client with billing statements at least every 60 days (*see,* DR 1-102 [a] [5], [7]; DR 2-106 [c] [2] [b]; DR 6-101 [a] [3] [22 NYCRR 1200.3 (a) (5), (7); 1200.11 (c) (2) (ii); 1200.30 (a) (3)]; 22 NYCRR part 1400). Respondent did eventually complete the divorce matter. Respondent neglected a third client's bankruptcy matter (*see,* DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]). Finally, respondent failed to timely file an attorney registration statement and pay the attendant $300 fee, but is now in compliance with the registration requirements (*see,* Judiciary Law § 468-a; DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), and he failed

to respond to inquiry letters from petitioner (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

Having considered the mitigating circumstances offered by respondent, especially statements on his behalf by two of the clients whose matters he neglected, respondent's expression of remorse, and certain personal matters he describes, we conclude that respondent should be suspended for a period of six months. However, we stay the suspension upon condition that respondent pay the costs and counsel fees as directed by the District Court by June 1, 2002.

Crew III, J.P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is suspended for a period of six months, with the suspension stayed upon condition that respondent pay the costs and counsel fees as directed by the United States District Court for the Northern District of New York by June 1, 2002, and submit proof of such payment to petitioner and to this Court.