(October 28, 2002)

■  In the Matter of DESMOND P. SULLIVAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [749 NYS2d 308] —Per Curiam. Respondent was admitted to practice in 1963 by the Appellate Division, Second Department. He maintains an office for the practice of law in the City of Glens Falls, Warren County.

We grant petitioner's motion for a default judgment upon respondent's failure to timely file an answer to a petition of charges (see Matter of Larson, 177 AD2d 852).

Further, as set forth in the petition, we find that respondent, in violation of the attorney disciplinary rules, failed to prepare a separation agreement for a client (see Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to respond to communications from the client (see DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to file a motion in court for leave to withdraw as attorney of record for a client who had retained him in a criminal matter (see DR 2-110 [a] [1] [22 NYCRR 1200.15 (a) (1)]), and failed to cooperate with petitioner's investigation of the clients' complaints (see DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

This Court imposed a stayed six-month suspension upon respondent less than one year ago for similar misconduct (Matter of Sullivan, 290 AD2d 875). The mitigating circumstances that respondent offers in his late reply to petitioner's instant motion are essentially the same as those presented in the prior proceeding.

We reiterate that attorneys must properly attend to their professional obligations, especially their duty to accord petitioner prompt and full cooperation, despite stressful intrusions from their personal lives which may explain and mitigate, but not excuse, professional misconduct (see e.g. Matter of Van De Loo, 240 AD2d 940, 945, lv denied 90 NY2d 811; Matter of Sexton, 231 AD2d 832).

In order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be suspended from practice for a period of six months. On any application for reinstatement, respondent shall submit medical opinion that he is fit to practice law, in addition to the showing required by this Court's rules (see 22 NYCRR 806.12 [b]).

Crew III, J.P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in specification 1 of charge I, specifica-

tion 1 of charge II, and charges III and IV of the petition; and it is further ordered that respondent is suspended from practice for a period of six months, effective in 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).