■ In the Matter of MICHAEL PAPA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [892 NYS2d 803]—

Per Curiam.

On March 19, 2009, respondent pleaded guilty in Albany City Court to a misdemeanor violation of Penal Law § 220.03 and a violation of Vehicle and Traffic Law § 1192 (1), operating a vehicle while ability impaired by alcohol. He was sentenced on April 8, 2009 to a one-year conditional discharge, a 90-day suspension of his driving privileges, participation in a drinking and driving program, and fines. As a result, petitioner charged respondent

with having engaged in illegal and dishonest conduct prejudicial to the administration of justice in violation of former Code of Professional Responsibility DR 1-102 (a) (3), (4) and (5) (22 NYCRR 1200.3 [a] [3], [4], [5]).*

Respondent admits the facts and that he engaged in illegal conduct. We previously granted petitioner's motion for an order declaring that the pleadings raised no factual issues and have heard respondent in mitigation (see 22 NYCRR 806.5).

Shortly after his arrest, respondent took significant and effective steps to deal with his substance abuse problems. He is remorseful and has an otherwise clean disciplinary record. He has submitted very laudatory character letters from attorneys and others who know him personally and professionally.

Under the circumstances presented, we find respondent guilty of violating former Code of Professional Responsibility DR 1-102 (a) (3), but not (a) (4) and (5) regarding dishonest conduct or conduct prejudicial to the administration of justice. We determine that, to deter similar misconduct and preserve the reputation of the bar, respondent should be censured. We further direct respondent to execute, within 30 days of the date of this decision, a monitoring agreement with the Lawyer Assistance Program of the New York State Bar Association and to thereafter comply with its terms (see e.g. Matter of Winsor, 242 AD2d 828 [1997]; Matter of Wojcik, 165 AD2d 895 [1990]). Petitioner is directed to inform this Court of any substantial failure by respondent to timely execute such an agreement or to thereafter comply with its terms.

Spain, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that respondent is found guilty of professional misconduct in violation of former Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]); and it is further ordered that respondent is hereby censured; and it is further ordered that respondent shall execute and thereafter comply with the terms of a monitoring agreement with the Lawyer Assistance Program of the New York State Bar Association within 30 days of the date of this decision.

---

* The alleged misconduct occurred prior to the April 1, 2009 enactment of the Rules of Professional Conduct.